**In the Matter of William & Martha MELTON, Debtors.**

No. CV. 85–0–1074.
Bankruptcy No. 85–1212.

United States District Court,
D. Nebraska.

April 16, 1986.

Horace Reynolds, IV, Omaha, Neb., for appellant.

Lynn Timmerman Fees, Omaha, Neb., for respondent.

## ORDER

STROM, District Judge.

This matter is presently before the Court on appeal from the United States Bankruptcy Court for the District of Nebraska's decision denying attorney's fees. The attorney for UP Terminal Federal Credit Union suggests that Bankruptcy Judge Timothy Mahoney improperly denied his application for attorney fees incurred as the result of Mr. Reynolds' successful objection to the debtors' Chapter 13 plan. After careful consideration of the record on appeal and the briefs submitted, this Court finds the Bankruptcy Court's order should be affirmed.

Judge Mahoney denied the attorney's fee application on December 13, 1985, through the following journal entry:

There is no Code or Rule authority for payment of creditor's attorney fees in Chapter 13 cases when creditor, by objecting to a plan, is successful in getting creditors more money thru amended plan. Section 503(b)(3)(D) applies in Chapter 9 and 11, not 13. Case authority is not convincing.

This Court's review of Judge Mahoney's attorney fee denial is governed by the general rule espoused by the Seventh Circuit Court of Appeals In the Matter of EDC Holding Co., 676 F.2d 945 (7th Cir.1982). Therein, the Court stated the rule, with few exceptions, is that no allowance will be made to a bankruptcy creditor's attorney for proving his client's claim. Id. at 948. Additionally, the Court is mindful of Congress' general disfavor in allowing attorney fees to creditors in a bankruptcy setting. Title 11, U.S.C. § 523(d), is the Bankruptcy Code section which allows for debt-

or attorney fees if the debtor successfully shows that a creditor was not substantially justified when it requested a determination of dischargeability of a consumer debt. In the legislative history, it is stated:

The bill does not award the creditor attorney's fees if the creditor prevails. Though such a balance might seem fair at first blush, such a provision would restore the balance back in favor of the creditor by inducing debtor to settle no matter what the merits of their cases. In addition, the creditor is generally better able to bear the costs of the litigation than a bankrupt debtor, and it is likely that a creditor's attorney's fees would be substantially higher than a debtor's, putting an additional disincentive on the debtor to litigate.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 131 (1977), Rep. in 1978 U.S.Code Cong. & Ad. News, 5963, 6092.

Application of state law is one of the few exceptions to the general denial of attorney fees in bankruptcy cases. Indeed, the credit union cited Nebraska common law in support of its claim for attorney's fees. U.S. National Bank v. Alexander, 140 Neb. 784, 1 N.W.2d 920 (1942). In Alexander, the Nebraska Supreme Court held that where the services of a litigant's attorney resulted in the preservation of a fund to the benefit of others, the Court may in the exercise of sound legal discretion, order a reasonable fee to be paid to such attorney from the common fund or by those benefited through the funds preservation. This state law rule, however, merely allows for discretionary attorney's fee grants. Appellant has failed to show any abuse of discretion on the part of Judge Mahoney. Indeed, this Court finds that the Bankruptcy Judge's decision was quite reasonable. As a result, the Bankruptcy Court's ruling must be affirmed. Accordingly,

IT IS HEREBY ORDERED that this appeal should be denied.

IT IS FURTHER ORDERED that the Bankruptcy Court's denial of attorney's fee application is affirmed.