### In the Matter of Ronald J. KLEBER, Debtor.

### Bankruptcy No. A85–00295–ADK.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Nov. 2, 1987.

Peter J. Krebs, Krebs & Associates, Decatur, Ga., for debtor.

Tip Carroll, Atlanta, Ga., Trustee.

## ORDER

A. DAVID KAHN, Chief Judge.

The above-styled bankruptcy case is before the Court on the Debtor's Motion to Convert Chapter 7 Case to Chapter 11 and the Chapter 7 Trustee's Objection thereto. A hearing was held on June 29, 1987, after which the Court took the matter under advisement. After considering the evidence and testimony presented at the hearing and the briefs filed by the Parties, the Court finds that it must grant the Debtor's Motion.

The Debtor filed a Chapter 7 bankruptcy petition on January 21, 1985 in this Court. The Debtor's subsequent motion to dismiss the Chapter 7 proceeding was denied. The Debtor then filed the instant Motion to Convert the Chapter 7 to Chapter 11. The Trustee contends that the Debtor is moving to convert to a Chapter 11 because the Trustee has filed several adversary actions against the Debtor.

The Chapter 7 Trustee argues that Debtor should not be able to convert to a Chapter 11 because the Debtor has made fraudulent misrepresentations on his schedules and statements, and because Debtor has no business to reorganize. The Trustee further contends that the Court has the discretion to grant or deny a conversion. In the alternative, the Trustee argues that he or any creditor can move to reconvert the case back to a Chapter 7 case once the Debtor is in a Chapter 11 and that the Court ought to use its equity powers to examine the issues of reconversion now, before Debtor converts to a Chapter 11.

■ Pursuant to § 706(a), a Debtor has an absolute one-time right to convert from a Chapter 7 to a Chapter 11. *See In re Longhorn 1979–II Drilling Program*, 32 B.R. 923 (Bankr.W.D.Okl.1983). The Senate and House Reports to the Bankruptcy Reform Act indicate that Congress intended to give the Debtor an absolute right to convert from a Chapter 7. *In re Street*, 55 B.R. 763 (9th Cir. BAP 1985) (quoting H.R. No. 95–595 to accompany HR. 8200, 95th Cong., 1st Sess. (1977), p. 380; S.Rept. No. 95–989 to accompany S. 2266, 95th Cong., 2nd Sess. (1978) (94), U.S. Code Cong. & Admin. News 1978, p. 5787). Therefore, the Court has no discretion in determining whether the Debtor should be allowed to convert from a Chapter 7 to a Chapter 11 for the first time.

■ Additionally, the Court cannot entertain the Trustee's request to reconvert the Chapter 11 case back to a Chapter 7 case because the Trustee does not have standing, once the case is in a Chapter 11. As soon as a debtor converts the case to a Chapter 11, the Trustee's duties under Chapter 7 cease. Therefore, the Trustee has no standing to file a motion to reconvert.

Since the Debtor filed his Chapter 7 petition in the beginning of 1985 and filed this Motion to Convert to a Chapter 11 in June 1987, Debtor has had adequate time to prepare a plan of reorganization. Therefore, the Court finds that the Debtor should be able to file a plan of reorganization in 60 days.

In accordance with the reasoning above, it is the Order of the Court that the Debtor's Motion to Convert the Chapter 7 Case to Chapter 11 be, and the same hereby is, GRANTED. It is the further Order of the Court that the Trustee's objection to said Motion to Convert be, and the same hereby is, OVERRULED.

The Debtor is hereby directed to file a plan or reorganization and disclosure statement within sixty (60) days of the entry of this Order.

IT IS SO ORDERED.