**In re Eugene ROBERTS, Debtor.**

**No. 82–02339.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Nov. 23, 1987.

As Amended Jan. 15, 1988.

**566**

Pat D. Dixon, Jr., Atlanta, Ga., for debtor.

W. Wheeler Bryan, C. Brooks Thurmond, III, Atlanta, Ga., for Chapter 7 trustee.

### ORDER

STACEY W. COTTON, Bankruptcy Judge.

Before the court is the application by the Chapter 7 trustee for approval of the trustee's attorney's fees and expenses, approval of auctioneer's fees and expenses, approval of real estate agent's fees and approval of Chapter 7 trustee fees. This is a core proceeding within the meaning of 28 U.S.C. Section 157.

This case commenced as a Chapter 7 petition filed on May 14, 1982 and converted to Chapter 13 on or about March 15, 1985. This conversion resulted from actions taken with regard to the Chapter 7 trustee's efforts to adopt and pursue sale of the debtor's residence pursuant to a contract obtained by the debtor. Judge William L. Norton, Jr. by his order of April 29, 1985, among other things, denied the trustee authority to sell the property and denied the trustee and counsel allowance of interim or other compensation. This order was subsequently affirmed in part and reversed in part by United States District Judge Horace T. Ward on August 27, 1986.

The matter before the court upon remand is the trustee's claim for allowance of compensation and reimbursement of expenses as Chapter 7 trustee and as attorney for the Chapter 7 trustee to be paid from the converted Chapter 13 debtor's estate. The applications before the court are for such allowances.

■ First the court will address the real estate agent's fees and commissions for ERA Blaine Mabry Realty, Inc. and M. Dukes & Associates Realty in the sum of $3,570. This court has never authorized or approved the employment of the subject real estate agent, and no sale of the subject property has been approved which would entitle the real estate agent to a commission. The evidence presented at trial is insufficient to support this claim. Further, the trustee abandoned this claim during the course of the hearings. Accordingly the application for allowance of real estate agent fees or commissions is DENIED.

■ Next the court will address the application for allowance of fees and expenses for David Arwood d/b/a Arwood Auction Company. While the employment of Arwood was authorized, no sale pursuant to the employment has been approved and no fees earned. The evidence submitted at trial does not substantiate or warrant this allowance and the same is DENIED.

Finally the court will address the request for allowances of compensation and expenses to the Chapter 7 trustee and his attorneys. These applications present three issues: (1) Whether compensation and expenses are allowable to a Chapter 7 trustee and his attorney for services rendered after the Chapter 7 case is converted to Chapter 13; (2) Whether the Chapter 7 trustee may be allowed compensation and expenses on a quantum meruit basis, and (3) The amount allowable to the trustee and the attorneys.

This case began as a voluntary Chapter 7 filing by debtor on May 14, 1982. Mr. Wheeler Bryan was duly appointed as the Chapter 7 interim trustee, thereafter becoming trustee at the Section 341 creditors' meeting on June 7, 1982. As trustee, Mr. Bryan applied for and was authorized to employ his own law firm as his attorney by ex parte order of December 13, 1982, *nunc pro tunc* as of June 7, 1982.

Thereafter, the trustee, acting as his own counsel, or members of his law firm, rendered professional services to the Chapter 7 trustee from November 16, 1982 through March 26, 1985, the date the Chapter 7 case was converted to Chapter 13. These services totalled 46.6 hours.

■ This case presents both a unique and difficult problem. As a result of the Chapter 7 trustee's actions, the debtor exercised his right to convert his case from Chapter 7 to Chapter 13. Upon conversion, the Chapter 7 trustee was confronted with an order which he believed to be objectionable. He appealed the order and obtained a partial reversal. While this court is satisfied from the record that the appeal was prosecuted for laudable reasons, the question arises as to whether the services rendered after conversion are compensable from the Chapter 13 debtor's estate. For the reasons set forth hereinafter, the court concludes that they are not compensable.

Subject to eligibility, Section 706(a) of the Bankruptcy Code grants to a debtor a one time absolute right to convert from Chapter 7 to Chapter 11, 12, or 13. 11 U.S.C. Section 706(a). This conversion right is not subject to court discretion nor is it waivable by the debtor. *In re Kleber*, 81 B.R. 726 (Bankr.N.D.Ga.1987) (Kahn, B.J.); *In re Longhorn 1979–II Drilling Program*, 32 B.R. 923, 929 (Bankr.W.D.Okl.1983); *Street v. Lawson (In re Street)*, 55 B.R. 763, 765 (9th Cir. BAP 1985).

Under Section 348(e) of the Bankruptcy Code, the conversion of a case from Chapter 7 to a Chapter 13 "terminates the service of any trustee ... serving in the case before such conversion." Thereafter, the Chapter 7 trustee has no standing in a fiduciary capacity in the converted case. *In re Kleber, supra.* Any and all services rendered after that date could not have been rendered by or on behalf of the trustee as his position had terminated. Such services rendered were on behalf of Mr. Bryan, or the attorneys, individually and not on behalf of the Chapter 7 trustee. He could not simply ignore such termination.

When he did so, he proceeded at his own risk and expense.

This case provides a graphic illustration of at least one reason Congress elected to terminate a trustee's services under Section 348(e) upon conversion. The estimated net realizable to the estate from the proposed sale was approximately $20,000. Allowable fees and expense at conversion on March 26, 1985 should have approximated $5,000. Yet, two years later the asserted claims total in excess of $26,000, and the asset has not yet been administered.

Adequate safeguards are in place in Chapter 13 to protect against abuse and to protect creditors' interests. These include the Chapter 13 trustee, the good faith requirements of a case and plan, the requisites for a plan, and the requirement that creditors must receive under the plan at least what they would have received in Chapter 7. While a Chapter 7 trustee's appointment is generally for the duration of that case, upon conversion his appointment terminates. He has no further standing as a fiduciary.

If the Chapter 7 trustee possesses information relevant to the Chapter 13 estate, he can furnish it to the Chapter 13 trustee or creditors. If he is a claimant, as here, he can assert it in his individual capacity but not as the Chapter 7 trustee of the estate. While this may seem a harsh result, the Code is quite clear that upon conversion the Chapter 7 trustee's services and standing terminate. Accordingly, this court concludes that all trustee and attorney services rendered and expenses incurred after conversion of this case to Chapter 13 are not allowable or compensable from the Chapter 13 debtor's estate.

■ The court will now address the quantum meruit claim for trustee compensation. Mr. Bryan has requested allowance of compensation for services as Chapter 7 trustee in the sum of $2,500. The trustee has couched his claim in quantum meruit; and not as a statutory claim under Sections 326 and 330 of the Bankruptcy Code. He acknowledges that Section 326(a) of the Bankruptcy Code provides for allowance of trustee compensation based upon funds ac-

tually disbursed or turned over by the trustee. It is undisputed that the trustee has not disbursed or turned over any funds in the Chapter 7 estate. Under a literal reading of Section 326, it is clear that no compensation is payable.

Some courts however have recognized that at least a quantum meruit claim is allowable. Conversion from Chapter 7 to Chapter 13 to avoid the consequences of a trustee's actions in locating, identifying and administering assets, may be unfair to the trustee. Thus some allowance of compensation may be appropriate, although not authorized by the literal language of the statute. Such determinations must of necessity be made on a case-by-case basis. *See In re Woodworth,* 70 B.R. 361 (Bankr. N.D.N.Y.1987); *In re Parameswaran,* 64 B.R. 341 (Bankr.S.D.N.Y.1986); *In re Smith,* 51 B.R. 273 (Bankr.D.C.1984); *In re Pray,* 37 B.R. 27 (Bankr.M.D.Fla.1983); *In re Rennison,* 13 B.R. 951 (Bankr.W.D.Ky. 1981).

From analysis of the record in this case and the itemization of services attached to his application of March 18, 1987, the court finds and concludes that an allowance of compensation to the trustee should be made. These services rendered appear to have been necessary to the trustee's investigation and liquidation of assets. However, the record is clear that the proposed sale advocated by the trustee had actually been obtained by or through efforts of the debtor or his real estate agent. The contract does not appear to have resulted from the trustee's acts. Thus, though time has been expended, little was actually accomplished in meaningful liquidation of the estate. Since no assets were actually liquidated and administration of this estate may yet be necessary, it would be inappropriate to make a maximum statutory allowance to this trustee when the asset has not been fully administered.

Further, it appears that the conversion to Chapter 13 by this debtor was for the purpose of avoiding the trustee's administration and liquidation of debtor's home. The services rendered by the Chapter 7 trustee total eight hours from the date of the trust-

ee's appointment until the case was converted to Chapter 13 on March 26, 1985. This court finds and concludes, therefore, that a reasonable allowance of $350 is appropriate based upon quantum meruit. The nature and extent of trustee services rendered as reflected by the itemization to the date of conversion appear to be minimal and are not such as to justify a greater allowance.

With regard to the request of W. Wheeler Bryan and C. Brooks Thurmond III, as successors in interest to the dissolved firm of Bryan and Thurmond, et al, for allowance of compensation and expenses as attorneys for the trustee, the court concludes as follows. The allowance of attorney compensation and expenses for services to the Chapter 7 trustee must likewise be limited to those rendered prior to the time the trustee's appointment was terminated. The court has reviewed the applications in light of the twelve factor test set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974) as follows:

(1) *The time and labor required.* While the attorneys have expended over 199.7 hours in this case, their services must be limited to representation of the trustee before his services were terminated. The services rendered total 46.6 hours. The dates and specific amounts of time are set forth fully in Exhibit "A" to the trustee's application.

(2) *The novelty and difficulty of the questions.* The legal issues in the case were not particularly novel or difficult until the appeal which occurred after the trustee's services had terminated by operation of law. 11 U.S.C. Section 348(e). While appeal of Judge Norton's order is understandable, the trustee's services had terminated and the appeal was the individual act of Mr. Bryan and his attorneys.

(3) *The skill requisite to perform the legal service properly.* The trustee and his attorneys possess the skill required to perform the legal services heretofore rendered in proper fashion.

(4) *The preclusion of other employment by the attorney due to acceptance of the case.* This does not appear to be a signifi-

cant factor. While the amount of attorney time devoted to this case does not appear to have precluded the trustee's attorneys from accepting other work, it may have consumed time which would have been devoted to other clients if the employment had not been accepted.

(5) *The customary fee.* All fees requested herein are within the range of customary fees for the type of services rendered and are based on the hours actually expended multiplied by normal billing rates for work of this nature. The billing rate of $100 per hour is in keeping with the hourly rates charged by the trustee's attorneys in non-bankruptcy and bankruptcy matters in this district and is reasonable for the services performed which are compensable.

(6) *Whether the fee is fixed or contingent.* By the nature of a Chapter 7 case such as this, the entire fee for the trustee's attorneys is contingent.

(7) *Time limitations imposed by the client or the circumstances.* This factor has little application prior to the appeal. The court finds all services after conversion to be noncompensable.

(8) *The amount involved and the results obtained.* The amount involved was a net sum approximating $20,000, after paying mortgages, liens, exemptions and costs of sale. Yet, the trustee and attorney's compensation and expenses sought total allowances of $26,375.79. If such were allowed, the trustee's appeal would effectively deplete this estate and negate any possibility of Chapter 13 rehabilitation. Over 76% of the services for which attorney compensation is requested were rendered after the trustee's services were terminated by the conversion.

(9) *The experience, reputation, and ability of the attorneys.* The trustee and counsel are attorneys of reputation and ability, and qualified to perform professional services as needed by this estate.

(10) *The "undesirability" of the case.* This factor is not applicable to this case.

(11) *The nature and length of the professional relationship with the client.* This factor is not applicable to this case. The debtor's case was assigned to the trustee at random as a Panel Chapter 7 Trustee.

(12) *Awards in similar cases.* This application is in keeping with similar applications for compensation filed by attorneys representing trustees before this court as to the hourly rate requested. This application is somewhat unique in that this Chapter 7 trustee seeks allowance of compensation and reimbursement of expenses for himself as trustee and his counsel as administrative expenses of the debtor's Chapter 13 case. It is also unique in that the bulk of the services were rendered after conversion of the case from Chapter 7 to Chapter 13.

The trustee has also requested reimbursement of out-of-pocket expenses to counsel for the Chapter 7 trustee in the sum of $185.79. Neither the application, the exhibits nor the evidence appear to set forth the dates of such expenses. Further there is a copy charge of $86.15 which does not appear to be supported or justified based on the present record. The request for reimbursement of out-of-pocket expenses will be denied based on the present record but without prejudice to counsel to supplement the record within ten (10) days as to expenses incurred prior to conversion on March 26, 1985. All expenses incurred after conversion are denied.

▪ Based upon the foregoing, the court finds and concludes that the reasonable value of the services rendered by the attorneys for the trustee prior to termination of the appointment of the trustee is $4,660.00. Accordingly, W. Wheeler Bryan and Brooks Thurmond, et al, are allowed reasonable compensation as attorneys for the Chapter 7 trustee in the sum of $4,660.00. All other services rendered are disallowed on the basis that the Bankruptcy Code and Rules simply do not authorize their allowance. The court does not question the character or good faith of the services but concludes that there is no legal basis for their allowance. Accordingly, it is

ORDERED that

1. the application for allowance of real estate agent fees and commissions for ERA Blaine Mabry Realty, Inc. and M. Dukes & Associates Realty is DENIED.

2. the application for allowance of fees and expenses for David Arwood d/b/a Arwood Auction Company is DENIED.

3. the application of W. Wheeler Bryan for allowance of compensation for services as Chapter 7 trustee is ALLOWED in the amount of $350.00 for his preconversion services and DENIED as to post-confirmation services.

4. the application of W. Wheeler Bryan and C. Brooks Thurmond, et al., for Chapter 7 trustee's attorney's fees is ALLOWED in the amount of $4,660.00 for preconversion services and DENIED as to post-confirmation services; and

5. the application for reimbursement of out-of-pocket expenses to counsel for the Chapter 7 trustee is DENIED based on the present record; provided, however, the court will permit counsel to supplement the record within ten (10) days from entry of this order to show those expenses which were incurred prior to or on March 26, 1985, the date of conversion, including supporting documentation for the $86.15 copy charge, or the charges shall stand denied. All post-conversion expenses are DENIED.

IT IS SO ORDERED.