**In re Joyce Delores Boyd WELLS, Debtor.**

**Bankruptcy No. A86–07883–SWC.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

July 1, 1988.

A. Michael Washington, Atlanta, Ga., for debtor.

Roger W. Moister, Jr., Atlanta, Ga., for former Chapter 7 trustee.

David Cates, Atlanta, Ga., trustee.

## ORDER

STACEY W. COTTON, Bankruptcy Judge.

This matter came on for hearing upon notice on June 14, 1988 on the proofs of claim and application of Roger W. Moister, Jr. for allowance of compensation and expenses and the objections thereto. This matter is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(B). The court's findings and conclusions are as follows:

On March 10, 1988, Mr. Moister filed a proof of claim seeking a priority administrative expense claim pursuant to 11 U.S.C. Section 503(b)(1) for "Compensation as Chapter 7 Trustee and as Attorney for Chapter 7 Trustee for professional services rendered to the Chapter 7 Estate from December 2, 1986 through granting conversion of the case on November 2, 1987." The proof of claim is for $7200.00 for professional services and $80.50 for reimbursement of expenses for a total of $7280.50.

On May 19, 1988, Mr. Moister filed an application as attorney for the Chapter 7 trustee for allowance of compensation and expenses. The application is inclusive and supplemental to his proof of claim. Mr. Moister has not requested compensation for services performed by him in his capacity as Chapter 7 trustee. As was true with the proof of claim, the services for which compensation is requested were rendered primarily during the pendency of the Chapter 7 from December 2, 1986 to the date of conversion to Chapter 13 on November 2, 1987.[1] The application seeks compensation as attorney for the Chapter 7 trustee in the sum of $7605.00 for professional services and $88.34 for reimbursement of expenses for a total of $7,693.34. The application increased the requested compensation by

---

1. By order entered January 8, 1987, the court authorized the Chapter 7 trustee to retain his law firm, Roger W. Moister, Jr., P.C., as attorney for the trustee. The legal services were rendered by Roger W. Moister, Jr., who also served as Chapter 7 trustee in this case.

$405.00 and the expenses by $7.84 to a new total of $7,693.34. (The March 10, 1988 proof of claim and the May 19, 1988 application are hereinafter referred to as "Moister Claim # 1.")

■ Debtor and Thomas F. Cuffie filed objections to Moister Claim # 1. The substance of Mr. Cuffie's objection was that the services rendered by Mr. Moister were unnecessary and excessive. Mr. Cuffie's role in this case is limited to that of special counsel to prosecute a wrongful death claim on behalf of debtor's estate. His role as special counsel having been accomplished, Mr. Cuffie has no authority or standing with regard to any matters of this estate beyond the wrongful death action. Accordingly, Mr. Cuffie's objection to Mr. Moister's claim is dismissed.

■ In this case, Mr. Moister, as Chapter 7 trustee, had a statutory and fiduciary duty to analyze the debtor's wrongful death claim and to decide whether and how to pursue it on the estate's behalf, including determining whether to employ Mr. Cuffie. *See* 11 U.S.C. Section 704. The evidence shows that Mr. Moister proceeded with the intention of employing Mr. Cuffie to prosecute this wrongful death claim, but this was never accomplished. This failure was due in part to Mr. Cuffie's refusal or failure to sign the required application to employ him as special counsel for the Chapter 7 trustee.

Finally, on November 2, 1987, the debtor exercised her one time absolute right to convert her case from Chapter 7 to a Chapter 13 case. 11 U.S.C. Section 706(a). After conversion, debtor filed an application to employ Mr. Cuffie as her attorney under a contingency contract to prosecute the wrongful death claim. That application was approved by order entered March 23, 1988, upon the condition that Mr. Cuffie's compensation would be subject to review and allowance by this court upon application after notice and hearing.

The only evidence offered by debtor in objecting to Moister Claim # 1 is Mr. Cuffie's testimony that in his opinion the services rendered by the Chapter 7 trustee relating to the wrongful death claim were unnecessary because he was handling the matter. However, the court notes that, at the time the services in Moister Claim # 1 were rendered, title to this asset had vested in the Chapter 7 trustee and Mr. Cuffie had not been authorized by the court to pursue this claim for the trustee or the debtor's estate. Even if Mr. Cuffie had been properly employed, Mr. Moister still had a statutory and fiduciary duty as Chapter 7 trustee to liquidate all assets of the estate, including this wrongful death claim. Thus, Mr. Moister had the ultimate responsibility at all times during the Chapter 7 case for prosecuting or supervising the prosecution of the wrongful death claim.

■ This court recognizes that counsel may reasonably differ as to the necessity and value of legal services. However, the key point is that Mr. Moister had a statutory duty to act diligently in the prosecution or supervision of the liquidation of the estate assets, including the wrongful death claim. Any failure to do so would have subjected him to possible criticism, sanction or liability. The evidence clearly shows that he acted diligently and responsibly in the performance of his duties, particularly in view of Mr. Cuffie's acknowledged failure to diligently communicate with Mr. Moister.

The court has reviewed Moister Claim # 1 in view of *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir.1988) and *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974) and finds that the claim complies with the criteria for awarding attorneys' fees as elaborated in those cases. The court concludes that the professional services rendered, including those relating to the wrongful death claim, were necessary and appropriate to the administration of the Chapter 7 estate. The services were of benefit to the estate and provided a significant impetus for the diligent prosecution of the case resulting in its timely trial shortly after conversion to Chapter 13. Accordingly, the debtor's objections to Moister Claim # 1 are overruled and the amounts sought in that claim will be allowed in full.

Mr. Moister also filed another proof of claim on March 10, 1988 which stated that he held an unsecured claim for "Professional services and time expended as a creditor of the Chapter 13 Estate, former Chapter 7 Trustee and Attorney for said Trustee, and friend of the Court regarding conversion of the case and the merits and values of *Ferrell v. Finch,* Superior Court of Fulton County, D–15390." The proof of claim seeks allowance of $2250.00 for professional services and $13.44 for reimbursement of expenses, for a total of $2263.44.

On May 19, 1988, Mr. Moister amended this proof of claim asserting that the classification thereof should be changed from an unsecured claim to an administrative priority claim pursuant to 11 U.S.C. Section 503(b)(1)(A). In addition, the amendment increased the total amount requested to $5250.00 for professional services and $20.25 for reimbursement of expenses for a total of $5270.25. (This proof of claim and amendment thereto are hereinafter referred to as "Moister Claim # 2.") All of the services and expenses set forth in Moister Claim # 2 were rendered or incurred *after* debtor's case had been converted from Chapter 7 to Chapter 13. Debtor, Mr. Cuffie, and the Chapter 13 trustee objected to allowance of Moister Claim # 2. As previously emphasized, Mr. Cuffie has no authority or standing with regard to any matters of this estate beyond the wrongful death action. Accordingly, Mr. Cuffie's objection to Mr. Moister's claim is dismissed.

This case was converted to Chapter 13 on November 2, 1987. As a result, Mr. Moister's services as Chapter 7 trustee were terminated. 11 U.S.C. Section 348(e). In *In re Roberts,* 80 B.R. 565 (Bankr.N.D.Ga. 1987), this court has previously concluded that, upon conversion of a Chapter 7 case to Chapter 13, services rendered after conversion, without prior court authorization, by the terminated Chapter 7 trustee or his attorney are not compensable.

In a Chapter 13 case, the debtor remains in possession of all property of the estate. 11 U.S.C. Section 1306(b). It is the Chapter 13 debtor who is responsible for prosecuting the case, including the formulation and presentation of a confirmable plan. Pursuant to 11 U.S.C. Section 1302, a Chapter 13 trustee is appointed to assist the debtor, the court and creditors, and to monitor the case.[2]

The former Chapter 7 trustee has no further standing as a fiduciary. To the extent unpaid compensable services have been rendered and expenses incurred in the Chapter 7 case, the Chapter 7 trustee or his counsel become claimants of the debtor's Chapter 13 estate.[3] An unpaid former Chapter 7 trustee or his attorney, like other creditors, have the right and a duty to furnish any relevant information concerning the case to the Chapter 13 trustee and the debtor. Either may request the debtor-in-possession or the Chapter 13 trustee, as appropriate, to take action and to pursue assets or claims identified as a result of investigation in the Chapter 7 case. Further, they may report the situation to the United States Trustee and seek his assistance if the Chapter 13 trustee or debtor fail to act.

The court expects and presumes that the Chapter 13 debtor-in-possession and the Chapter 13 trustee will perform their duties as required by the Bankruptcy Code and Rules. If they fail to do so, then the former Chapter 7 trustee, his attorney, any other creditor, or the United States

---

2. In this district, the United States Trustee has appointed a standing Chapter 13 trustee.

3. It is undisputed that the trustee has not disbursed or turned over any funds in the Chapter 7 estate. Under a literal reading of Section 326, it is clear that no statutory compensation is payable to the trustee. Some courts however have recognized that at least a quantum meruit claim is allowable. Conversion from Chapter 7 to Chapter 13 to avoid the consequences of a trustee's actions in locating, identifying and administering assets, may be unfair to the trustee. Thus, some allowance of compensation may be appropriate, although not authorized by the literal language of the statute. Such determinations must of necessity be made on a case-by-case basis. *See In re Roberts,* 80 B.R. at 567–68; *In re Woodworth,* 70 B.R. 361 (Bankr.N.D.N.Y. 1987); *In re Parameswaran,* 64 B.R. 341 (Bankr. S.D.N.Y.1986); *In re Smith,* 51 B.R. 273 (Bankr. D.C.1984); *In re Pray,* 37 B.R. 27 (Bankr.M.D. Fla.1983); *In re Rennison,* 13 B.R. 951 (Bankr. W.D.Ky.1981).

Trustee may apply to the court for an order directing the Chapter 13 trustee, the debtor-in-possession, or both, to perform their duties and pursue a claim or other assets of the estate. In the alternative, a claimant may request that the court authorize him to act for the estate. If so authorized by the court, the claimant (former trustee or attorney) may act and be compensated for services beneficial to the estate.

 In the present case, Mr. Moister's duties as Chapter 7 trustee were terminated by the conversion. Nevertheless, Mr. Moister voluntarily continued to act with regard to the wrongful death claim. In fact, Moister Claim # 2 seeks compensation for thirty-five hours of legal services performed after conversion plus various expenses incurred. While this court does not question the good faith of Mr. Moister, the fact remains that his post-conversion actions were not authorized. He acted as a volunteer. Further, there is no evidence to support Mr. Moister's contention or suggestion that the debtor, her attorney and the Chapter 13 trustee were not performing their duties. As a result, the court has no choice but to deny the requested additional compensation and expenses sought in Moister Claim # 2. 11 U.S.C. Section 348(e); *In re Roberts*, 80 B.R. 565 (Bankr. N.D.Ga.1987).

 Section 348(e) of the Bankruptcy Code [11 U.S.C. Section 348(e) ] expresses a clear policy choice of Congress that conversion of a case under Sections 706, 1112, 1307 or 1208 terminates the services of any trustee serving in the case before conversion. This is a particularly sensible rule in Chapter 13, since there is a standing Chapter 13 trustee in this district and no useful purpose would be served by having two trustees. Absent exceptional circumstances, however laudable his purpose, a terminated Chapter 7 trustee cannot be permitted to ignore the clear mandate of Section 348(e) and thereby frustrate and circumvent the clear intent of Congress. Such would countenance the further burdening of already financially distressed debtors whose plans generally involve delicately balanced budgets. This would seriously impair the Congressionally designed scheme making Chapter 13 more attractive to encourage debtors to pay their creditors. *See Hall v. Finance One of Georgia, Inc. (In re Hall)*, 752 F.2d 582, 590 (11th Cir. 1985).

Both *In re Roberts, supra,* and to a lesser extent this case, illustrate the problem. The debtor in *In re Roberts* filed a Chapter 7 case that was later converted to Chapter 13. The potential net estate had a value of approximately $20,000.00. The Chapter 7 trustee and his attorney sought compensation and expenses totalling $26,-375.79 for both pre-conversion and post-conversion activities. The Chapter 7 trustee's attorney expended over 199.7 hours in that case, 46.6 of which were pre-conversion and the remaining 153.1 of which were post-conversion. Thus, over 76% of the services for which attorney compensation was requested were unauthorized and rendered *after* the trustee's services had been terminated. As a result, had the unauthorized services been allowed, the entire estate would have been depleted, thereby rendering rehabilitation impossible. *In re Roberts*, 80 B.R. at 568–69.

In the present case, over 40% of the compensation sought is for post-conversion fees. While there are funds sufficient to cover these post-conversion fees in this instance, it is obvious that the potential for frustrating rehabilitation or for abuse is significant. Thus, prior court approval is essential to maintain a proper balance and to carry out the policy choices of Chapter 13. Based on the foregoing findings and conclusions, it is

ORDERED that all objections to Moister Claim # 1 are OVERRULED, and Mr. Moister is allowed compensation in the sum of $7605.00 for professional services and $88.34 for reimbursement of expenses, for a total of $7693.34, and it is

FURTHER ORDERED that the objections to Moister Claim # 2 as amended, seeking compensation in the sum of $5250.00 for professional services and $20.25 for reimbursement of expenses, for

a total of $5270.25, are SUSTAINED and the claim is DENIED.

IT IS SO ORDERED.