**In re Laszlo RAKOSI, Debtor.**

**Bankruptcy No. 88–02839–LM7.**

United States Bankruptcy Court,
S.D. California.

May 3, 1989.

**48**

Mark Smith, Bankruptcy Legal Center, San Diego, Cal., for debtor.

Bernard M. Hansen, Estes & Hoyt, San Diego, Cal., for trustee CMI.

Richard Kipperman, Corporate Management, Inc., San Diego, Cal., Trustee.

Harry Heid, San Diego, Cal., Chapter 13 Trustee.

David L. Skelton, San Diego, Cal., for Chapter 13 Trustee.

## MEMORANDUM

LOUISE DeCARL MALUGEN,
Bankruptcy Judge.

The dispute in this case is whether counsel for the Chapter 7 trustee is entitled to an award of professional fees for services rendered on behalf of the trustee after debtor Laszlo Rakosi converted his Chapter 7 case to a Chapter 13 case. Estes & Hoyt ("E & H") represented the trustee, Corporate Management, Inc. ("CMI") in the Chapter 7 case. After Rakosi converted to a Chapter 13, E & H continued to act on behalf of CMI by attending the § 341(a) hearing and interposing objections to the confirmation of debtor's Chapter 13 plan and first amended plan. E & H then submitted a fee application for its services rendered in this case, including post-conversion services. The Chapter 13 trustee, Harry Heid ("Heid"), opposes the award of any fees for post-conversion services.

For reasons explained herein, the Court finds that E & H is not entitled to any fees for services rendered post-conversion, and such fees are disallowed in their entirety. The Court further finds that this controversy is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), and that this Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and General Order 312–D of the United States District Court for the Southern District of California.

## FACTS

Rakosi filed a Chapter 7 petition on April 8, 1988. CMI served as Chapter 7 trustee and, in administering the estate, investigated the debtor's affairs and arranged for the sale of debtor's residence. Prior to the sale, Rakosi converted the case to a Chapter 13, and a new order for relief was entered on September 21, 1988.

Thereafter, E & H attended the Chapter 13 § 341(a) hearing, filed objections to the debtor's proposed Chapter 13 plan and first amended plan, and appeared at the confirmation hearings on behalf of CMI. CMI's plan objections were, for the most part, premised upon information obtained in administering the Chapter 7 case. Specifically, CMI objected to debtor's valuation of the residence, asserting that a higher bid had been received for the residence during the Chapter 7. CMI also objected to debtor's entitlement to relief under Chapter 13 for lack of regular income. After CMI filed its first objection, Heid interposed a separate objection to the original plan on similar grounds. Rakosi then amended his plan to provide for a higher distribution to

creditors, and the amended plan was confirmed on February 16, 1989.

On February 14, 1989, the Court considered E & H's fee application for all services rendered on behalf of CMI, which included 10.3 hours for post-conversion services totaling $1,287.50. The Court awarded E & H over $5,000 in pre-conversion fees and took under submission the decision of whether post-conversion fees should be awarded the firm.

E & H contends that it is entitled to the balance of the post-conversion fees, since the debtor amended the plan to provide for a higher distribution to creditors in response to the objections. Unquestionably, Rakosi modified the plan to increase his monthly payments to $650 per month and extend the plan to four years. The increase in monthly payments and plan length will result in a net gain of $16,800 to creditors over the life of the amended plan. Heid maintains that the fees are not properly awardable since they are not authorized under the Code. Moreover, he reminds the Court that he raised an independent objection to the debtor's original plan based on similar information about debtor's undervaluation of the residence. Consequently, E & H cannot demonstrate that debtor amended his plan solely in response to its objections.

Having considered the respective positions of the parties, the Court finds E & H has demonstrated that its efforts inured to the benefit of the creditors of the Chapter 13 estate.

## ISSUES

I. Whether fees are allowable to E & H under § 330(a) of the Bankruptcy Code for services rendered to the Chapter 7 trustee after the case was converted to a Chapter 13.

II. Assuming that the fees are not allowable under § 330(a), are they allowable administrative claims under § 503(b)(3)(D) of the Bankruptcy Code?

## DISCUSSION

### I

■ Section 330(a) of the Bankruptcy Code states in pertinent part:

After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328 and, 329 of this title ... the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title ...

(1) reasonable compensation for actual, necessary services rendered ...; and

.(2) reimbursement for actual, necessary expenses.

With respect to the trustee's employment of professionals, § 327(a) states:

[T]he trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons ... *to represent or assist the trustee in carrying out the trustee's duties under this title....* (emphasis added)

These sections indicate that trustee's counsel, at a minimum, must obtain court approval of employment and demonstrate that the services rendered were in furtherance of the trustee's fiduciary duties under the Code before counsel may assert a claim against the estate. *In re Kroeger Properties and Development, Inc.,* 57 B.R. 821 (9th Cir. BAP 1986); *In re Yermakov,* 718 F.2d 1465 (9th Cir.1983).

On September 19, 1988, the Court approved CMI's employment of E & H as general counsel in the Chapter 7 case. E & H takes the position that, notwithstanding the Chapter 13 conversion, CMI had an ongoing duty to the Court and/or the estate to appear at the Chapter 13 § 341(a) meeting of creditors and to voice opposition to the debtor's plan and amended plan. Accordingly, counsel requests an allowance of all fees incurred in assisting CMI in fulfilling this perceived fiduciary duty to act on the information revealed to CMI during the administration of the Chapter 7 estate.

■ This fee request ignores § 348(e) of the Bankruptcy Code, which unequivocably states:

Conversion of a case under section 706, 1112, 1307, or 1208 of this title ... termi-

nates the service of any trustee or examiner that is serving in the case before such conversion.

The effect of a Chapter 13 conversion is to divest the Chapter 7 trustee of any authority to act on behalf of the estate in favor of the debtor and/or the Chapter 13 trustee. The Chapter 7 trustee simply has no further capacity or standing to act on behalf of the converted estate as a fiduciary, or to employ professionals to be compensated from the estate. *In re Wells*, 87 B.R. 732 (Bankr.N.D.Ga.1988); *In re Roberts*, 80 B.R. 565 (Bankr.N.D.Ga.1987).

■ The Court, therefore, holds that E & H acted without prior court approval and may not assert a claim against the estate under § 330(a) for unauthorized services rendered after the case is converted to a Chapter 13. In so holding, the Court has considered counsel's argument that disallowing fees to CMI's counsel for post-conversion services would have a "chilling" effect on similar discharged trustees' proclivity for coming forward with valuable and, perhaps, otherwise unrevealed information in the converted case. The Court, however, believes that denying these fees is not tantamount to absolving former trustees from any responsibility for failing to disclose such information; nor does the Court believe that such denial discourages trustees from acting on the information.

The former trustee, like any other creditor, has an obligation to apprise the Chapter 13 trustee or debtor of any undisclosed information that would have a material impact upon the administration of the estate. *In re Wells, supra,* at 736. In addition, the trustee can request the Chapter 13 trustee, debtor or U.S. Trustee to act upon the information and, where no action is taken, request the Court to direct that such action be taken. Furthermore, the trustee may request court permission to act on behalf of the converted estate and, in appropriate circumstances, request estate compensation, including professional fees for the time and expense devoted to these efforts. *Id.* at 737.

E & H did not obtain prior court approval to act on behalf of the estate in the converted case, nor did it attempt to relay the information to Heid prior to attending the § 341(a) meeting and pursuing objections to the confirmation of debtor's plan. The Court declines to award fees to E & H in these circumstances.

In so ruling, the Court eliminates the potential for double or inconsistent estate administration by two fiduciaries which results in added and unnecessary administrative costs to the debtor's reorganization efforts. While the Court recognizes that counsel's efforts in this case were well-intentioned and that these efforts did, in fact, benefit the creditors of this estate, the Court cannot award E & H fees under § 330(a) for services gratuitously volunteered on behalf of the converted estate.

II

■ Having determined that post-conversion fees are not allowable to E & H under § 330(a), the Court must now consider counsel's argument that such fees are nevertheless allowable as an administrative expense under § 503(b)(3)(D). This section provides that creditors or indenture trustees are entitled to an administrative claim for actual and necessary expenses which make a "substantial contribution in the case under Chapter 9 or 11 of this title."[1] E & H asserts that it is entitled to fees under § 503(b)(3)(D) because it is in a position no different than that of counsel for a creditor who renders services which make a substantial contribution to the estate.

This argument is deficient for two reasons. First, it would make little sense to disallow fees to trustee's counsel for unauthorized services under § 330(a), only to then sanction them under § 503(b)(3)(D). The Code contemplates that professional fees for trustees and their employed professionals should be determined in accordance with § 330(a), and should be allowed

---

1. Under § 503(b)(4) professional fees are likewise allowable as administrative expenses to attorneys who render services on behalf of a creditor or indenture trustee who qualifies under § 503(b)(3)(D).

or disallowed as administrative claims under § 503(b)(2). Second, § 503(b)(3)(D) is inapplicable to Chapter 13 cases so that attorney's fees are not allowable to creditors who successfully object to the debtor's Chapter 13 plan. *In re Melton*, 60 B.R. 25, 26 (D.Neb.1986).

### CONCLUSION

In light of the foregoing, the remaining portion of the fees requested by Estes and Hoyt are disallowed in their entirety. This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. The Chapter 13 trustee is directed to prepare an order in conformance with this Memorandum Decision within ten (10) days from the date of its entry.