**In re Karl J. KRUEGER, Jr., Debtor.**

**Bankruptcy No. 85–02782–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

Oct. 22, 1986.

464

Chad P. Pugatch, P.A., Cooper, Shahady, Frazier & Pugatch, Ft. Lauderdale, Fla., for debtor.

Gregory E. Mierzwinski, Tampa, Fla., for Heller Financial, Inc.

### ORDER DENYING CONFIRMATION AND DISMISSING CASE

THOMAS C. BRITTON, Chief Judge.

A confirmation hearing was held September 16 on the debtor's chapter 11 plan. The matter was taken under advisement pending the hearing of the debtor's adversary complaint, 86–0584, seeking sale free of liens and valuation of the secured claim of the mortgagee. The adversary proceeding was tried on October 14. I conclude that confirmation must be denied, that no point would be served in permitting further delay to submit another plan, that this case should be dismissed, and the adversary proceeding is rendered moot.

The debtor's only asset is a commercial building in Stuart. It is in default on its mortgage and is defending a foreclosure action.

The plan proposes the sale of the building, without specifying a deadline for the sale, and provides that the priority state tax claim will be paid in full at sale, that the mortgagee's security interest will be paid in full at sale, and that the unsecured

creditors will receive a pro rata distribution of whatever (if anything) is left over.

The objecting mortgagee has correctly contended that such an eternal plan cannot be approved. The debtor now concedes that point and suggests a February 15, 1987 deadline for sale.

The bankruptcy case, filed November 2, 1985, has now been pending eleven months. The plan was filed five months ago. Although the debtor has been actively seeking sale of the building, and has received offers ranging from $4.8 to $5.3 million on the property which he valued in his petition at $5.5 million, no sale has been effected or scheduled. The mortgage debt now totals about $5.9 million and is accruing at the rate of $1,529 a day.

The debtor argues that the mortgagee's collateral (the building) must be valued at $4.675 million because this is the uncontroverted testimony offered by the mortgagee at a hearing held five months ago upon the mortgagee's application for relief from the automatic stay under 11 U.S.C. § 362(d). That valuation was accepted by the court and partial stay relief was ordered. If successful in this contention, the debtor would then propose to sell the property four months from now at a higher price (perhaps as much as $675,000 more), pay the mortgagee the $4.675 million in full satisfaction of the mortgage and use the balance to pay administrative expenses, priority claims, and the reduction of the unsecured debt.

The fallacy of this scheme is that the mortgagee would, in these circumstances, have an *unsecured* claim in the amount of at least $575,000 (the parties stipulated for the purposes of the stay relief hearing in May that the mortgagee's claim was $5.25 million). If that claim is relegated to Class 5 unsecured claims, considering the mortgagee's rejection of the plan, it swamps the $81,000 worth of claims that have accepted the plan. The loss of support in Class 5 is fatal to the debtor. At least one class of impaired claims must have accepted the plan. § 1129(a)(10). No other impaired class has accepted this plan.

■ Furthermore, the priority, real property tax claim has not accepted this plan and has not received the treatment essential to confirmation. Section 1129(a)(9)(B)(ii) requires that such class receive:

cash on the effective date of the plan equal to the allowed amount of such claim.

Although this debtor purports to comply literally with this requirement, what he has done is unreasonable. He did not specify any effective date until this week (five months after the plan was filed) and the date he specified is four months in the future. This defeats the purpose of the statutory requirement that the taxing authority receive the equivalent of immediate full payment in cash. The debtor's proposal requires the taxing authorities to partially subsidize the debtor's plan. An effective date deferred beyond the interval essential for liquidation (not more than 45 days in this instance) is unreasonable.

■ Finally, this debtor's scheme is inequitable. In essence, he forces his mortgagee to estimate the current value of his security under § 506, then under § 363(f) the debtor proposes to place the collateral on the market, dictating the time and terms of sale, in the hope that the mortgagee has undervalued the security and can, therefore, be compelled to subordinate its claim to inferior obligations of the debtor. This court cannot permit these statutory provisions to be used by the debtor to take unconscionable advantage of any creditor. I cannot countenance this scheme and I find that this plan has not been proposed in good faith. § 1129(a)(3).

■ The alternative provided by State law is a foreclosure sale conducted by the State court, eliminating the substantial administrative expense of this bankruptcy proceeding, placing the control and timing of the sale in completely neutral hands under the supervision of the State court and affording the mortgagee the contractual priority it is entitled to. There is no just reason why this mortgagee should be re-

quired to accept less than the full value of its claim as fixed under State law or the maximum value the property will bring at a public auction, whichever is less.

Confirmation is denied and under the circumstances present in this case, no useful purpose would be served by giving this debtor an opportunity to modify its plan or propose an alternative. It has had an ample opportunity to come forward with a fair and just proposal to meet its obligations. It has demonstrated that it is unable to do so. By implication it concedes here that it has no equity interest whatsoever in the real property in question and its continued shelter in the bankruptcy court is unjustified. This case is dismissed under § 1112(b)(5). Dismissal is with prejudice to the filing of any bankruptcy case by this debtor earlier than one year after this order becomes final.

█ Reverting to the pending Adversary Proceeding No. 86–0584, I reject the debtor's contention that the mortgagee is estopped to assert a valuation for the purposes of § 506 greater than the valuation urged by the mortgagee five months ago for the purposes of stay relief under § 362(d). It would be equally arbitrary and inequitable to estop the debtor from urging a valuation less than $5.5 million, the figure he specified in his sworn petition 11 months ago.

The only evidence of value before me in the trial of the adversary proceeding was the testimony of the mortgagee's appraiser whose opinion had been relied upon five months earlier. That witness testified he was then unaware of the offers received by the debtor, substantially in excess of his appraisal, and testified that he had been refused access by the debtor to certain material information at the time of his original appraisal. He testified that his current evaluation is $5 million and that neither the condition of the property nor its value has materially changed since bankruptcy. I would find from this record, therefore, that the valuation of the mortgagee's collateral for the purposes of § 506 is $5 million.

Section 363(f) *restricts* the debtor's right to sell property free and clear of liens to a sale which has the lienor's consent or a sale at a price greater than the aggregate value of all liens. Section 363(b) *permits* a sale by the trustee only "after notice and a hearing". Implicit in this requirement is the exercise of this court's reasonable discretion in authorizing a sale which meets the minimum requirements of § 363(f). As I have already stated in analyzing this debtor's plan, I would not authorize the sale proposed by this debtor for the reasons which have already been stated.

█ As was stated at the outset, however, the conclusion reached upon the mortgagee's objection to confirmation makes it unnecessary to enter any adjudication on the debtor's adversary proceeding under any view taken of the evidence received in that adversary proceeding, confirmation must be denied and this case should be dismissed, leaving the parties to their appropriate remedies under State law. Therefore, the adversary proceeding is moot and is dismissed without prejudice to either party's contentions in the State court.

As is required by B.R. 9021(a), a separate judgment will be entered in Adversary Proceeding No. 86–0584 dismissing that adversary proceeding.