**In re B–K OF KANSAS, INC., Debtor.**

**In re John Ercy WILKINSON, Debtor.**

**In re Marianne Anderson WILKINSON, Debtor.**

**Bankruptcy Nos. 85–20110 to 85–20112.**

United States Bankruptcy Court, D. Kansas.

April 29, 1987.

---

Hall, O'Brien and Robinson, P.A., Miami, Fla., and Fisher, Patterson, Sayler & Smith, Topeka, Kan. by Justice B. King, for Burger King Corp.

### ORDER

### OF CONVERSION TO CHAPTER 7

BENJAMIN E. FRANKLIN, Bankruptcy Judge.

NOW on this 27th day of April, 1987, the above-entitled cases come on for hearing upon the following:

(1) Debtor's Disclosure Statement and Plan of Reorganization and Exhibits;

(2) Debtor's Application for Authority to Compromise Controversy With Highland Park Bank & Trust;

(3) Application, By Creditors' Committee, for Retention of Vernon L. Jarboe as Counsel for the Creditors' Committee;

(4) Motion by the United States Trustee to Convert to Chapter 7;

(5) Application of Burger King Corporation for Allowance of Administrative Expenses.

Also, before the Court is the Motion which was filed by Burger King Corporation to Dismiss the above-captioned bankruptcies which Motion was taken under advisement by the Court following the hearing held in the above-entitled cases on March 2 and 3, 1987. The debtor B–K of Kansas appears by and through its attorney Dan E. Turner, and by and through its representative John Wilkinson. The debtor John Wilkinson appears in person and by his attorney Dan E. Turner. The debtor Marianne Anderson Wilkinson appears by her attorney Dan E. Turner. The creditor Burger King Corporation appears by and through it attorneys Andrew C. Hall and Justice B. King. The U.S. Trustee appears by and through Kurt Stohlgren. The creditor Highland Park Bank and Trust appears by and through its attorney James Willard. There are no further appearances.

WHEREUPON, the Court hears argument upon the Motion of the U.S. Trustee to Convert these cases from proceedings under Chapter 11 to proceedings under Chapter 7. Thereafter, the Court announced its decision upon the Motion of the U.S. Trustee to Convert the above-captioned cases, and each of them, from Chapter 11 to Chapter 7, and upon the pending Motion of Burger King Corporation to Dismiss these cases, and ordered that the Motion to Convert of the U.S. Trustee should be granted, and further that although dismissal was not warranted pursuant to the Motion to Dismiss filed by Burger King Corporation conversion of the above-captioned cases from Chapter 11 to Chapter 7 was warranted pursuant to said motion. In this regard the Court specifically finds that these cases should be converted from

cases under Chapter 11 to cases under Chapter 7 for the following reasons:

(1) These cases have been on file since January of 1985, and no confirmable plan of reorganization has to date been presented to the Court;

(2) From examination of the monthly reports filed by the debtors there appears to be a continuing loss or diminution of the estate;

(3) There is an absence of a reasonable likelihood of rehabilitation of these debtors;

(4) There is an inability on the part of these debtors to effectuate a plan;

(5) There has been unreasonable delay in these cases by the debtors that is prejudicial to the creditors.

For all of the foregoing reasons the Court finds that it is in the best interest of the creditors of the debtors, and the bankruptcy estates herein, to convert these cases from Chapter 11 to Chapter 7.

■ Thereafter having determined that these cases should be converted from proceedings under Chapter 11 to proceedings under Chapter 7, the Court determines that the remaining matters scheduled to be heard this date are moot:

(1) The hearing upon debtors' Disclosure Statement;

(2) The hearing upon debtor's Application for Authority to Compromise Controversy With Highland Park Bank & Trust;

(3) The hearing upon the Application, by Creditors' Committee, for Retention of Vernon L. Jarboe as Counsel for the Creditors' Committee; and

(4) The hearing upon the Application of Burger King Corporation for Allowance of Administrative Expenses.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that the above-captioned cases should be, and hereby are, converted from proceedings under Chapter 11 to proceedings under Chapter 7. It is further determined that the following matters are moot, and for this reason shall not be considered by the Court:

(1) Disclosure Statement;

(2) Burger King Corporation's Objection to Disclosure Statement;

(3) Highland Park Bank and Trust Company's Objection to Disclosure Statement and Plan of Reorganization;

(4) Debtor's Application for Authority to Compromise Controversy With Highland Park Bank & Trust;

(5) Objection of Burger King Corporation to Debtor's Application for Authority to Compromise Controversy With Highland Park Bank & Trust;

(6) Highland Park Bank's Reply to Burger King's Objection to Application for Authority to Compromise Controversy;

(7) Highland Park Bank's Motion for Continuance and/or Leave to Present Additional Evidence by Deposition;

(8) Application, by Creditors' Committee, for Retention of Vernon L. Jarboe as Counsel for the Creditors' Committee;

(9) Application of Burger King Corporation for Allowance of Administrative Expenses;

(10) Highland Park Bank and Trust Company's Objection to Application of Burger King Corporation for Allowance of Administrative Expenses.

IT IS, FURTHER ORDERED, ADJUDGED AND DECREED that in the event of appeal of this order the Court reserves the right to make further findings of fact and conclusions of law.

IT IS SO ORDERED.