**In re Jack M. COLE, Debtor.**

**Henry GERAD, Plaintiff,**

v.

**Jack M. COLE, Defendant.**

**Bankruptcy No. 91–3433.**
**Related No. 90–32209.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

July 21, 1992.

Robert L. Balyeat, Lima, Ohio, for plaintiff.

Donald G. Mayer, Attorney for ·Defendant, Wilmington, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on Defendant's Motion to Dismiss in response to Plaintiff's Complaint to Determine Dischargeability of Debt. A Pre–Trial was held to consider the Motion to Dismiss, at which time the parties decided to have the Court determine the issue based upon the written arguments of counsel. The Defendant filed a Motion for Summary Judgment to which the Plaintiff filed a Reply Memorandum in opposition and a Motion for Summary Judgment of his own. The Court has reviewed the written arguments of counsel, the relevant case and statutory law, as well as the entire record in the case. Based upon that review and for the following reasons, the Court finds that Defendant's Motion to Dismiss should be Denied. Furthermore, inasmuch as there appears to remain an issue regarding the allegations of fraud, the Court finds that both Defendant's and Plaintiff's Motions for Summary Judgment should also be Denied.

## DISCUSSION

Defendant raises several arguments in support of his Motion to Dismiss. First, he contends that Plaintiff's Complaint filed on October 15, 1991, fails to state a claim upon which relief can be granted pursuant to 12(b)(6) of the Federal Rules of Civil Procedure. He founds this contention on the premise that because Plaintiff's complaint refers to payment to both Defendant/Debtor and his corporation that the particularity required by Rules 8 and 9 of the Federal Rules of Civil Procedure, is absent. Defendant maintains therefore that the complaint fails to give adequate notice as to the entity enjoined. Second, Defendant argues that the complaint clearly identifies neither the act which forms the basis of the complaint nor the statutory provisions pertaining to the alleged act. Lastly, Defendant contends that the complaint was not filed in a timely fashion pursuant to Rules 4004(b) and 4007(c) of the Bankruptcy Code.

The pertinent portion of the Complaint reads as follows:

4. Defendant [previously identified as Jack M. Cole] is indebted to plaintiff in the sum of $5,000.00 which sum was obtained from plaintiff by defendant by false pretenses, false representations and actual fraud, as follows:

a. On or about April 19, 1990 plaintiff paid to defendant and his company, Stinebaugh Construction, Inc., the sum of 5,000.00 upon defendant's representation that such funds were required for deposit to John P. Timmerman Heating & Air Conditioning to secure the delivery of two gas furnaces for installation in a home to be constructed by plaintiff.

b. At the time of making such representations the defendant knew the same to be false and had no intention of using the funds for that purpose.

c. Plaintiff relied upon the representations of defendant and, believing them to be true, was induced thereby to pay over the sum of $5,000.00 to his damage in that amount.

d. Defendant has not reimbursed plaintiff for all or any part of said $5,000.00.

5. The $5,000.00 debt owed by defendant to plaintiff is nondischargeable under section 523(a)(2) of the Bankruptcy Code.

■ Generally speaking, it has long been established that language in pleading must be given its reasonable and ordinary meaning and import; substance is to supersede form. *Lockhart v. Leeds*, 195 U.S. 427, 25 S.Ct. 76, 49 L.Ed. 263 (1904); *Atlantic & Pacific Ry. Co. v. Laird* 164 U.S. 393, 17 S.Ct. 120, 41 L.Ed. 485 (1896). Inasmuch as Defendant is identified as an individual, there being no reference to his capacity as an agent of Stinebaugh Construction Inc., the logical meaning attributable to the complaint is that Plaintiff wishes to enjoin defendant as an individual.

■ Although defendant may have acted in his capacity as an agent of Stinebaugh Construction Inc., that question is immaterial. For, Defendant throughout the bankruptcy file repeatedly identifies himself as President and sole stockholder of Stinebaugh Construction Inc., most notably in an application for VISA services from Bank One of Wapakoneta dated August 2, 1984, two (2) promissory notes to Fifth–Third Bank dated September 27, 1988 and January 27, 1989, and on pages seven (7) and eight (8) of his sworn deposition. Therefore, given the fact that in questions of fraud a third party may sue either the corporation or its individual agents as he sees fit, the Plaintiff has the freedom to sue either the corporation or its officers individually. *Centennial Ins. Co. v. Vic Tanny Int'l*, 46 Ohio App.2d 137, 346 N.E.2d 330 (Ohio 1975); *Merchants' Nat'l Bank v. Thoms*, 11 Ohio Dec. Reprint 632 (Superior Ct. of Cincinnati 1892). Using the standard set forth in *Lockhart* and the case law developed in *Merchants'* and its progeny, the Court here finds that Plaintiff has chosen to sue Defendant as an individual. Consequently, the Court finds that Defendant's first contention regarding the adequacy of the pleading is without merit and that the Complaint is sufficiently clear in its identification of the party to be enjoined.

■ Defendant then argues that the Complaint fails to present the facts and statutory provisions forming the basis of this suit with the required degree of particularity. "Particularity," as used by Rule 9 of the Federal Rules of Civil Procedure, is defined as, "the detailed statement of particulars" which is then defined as, "[t]he details of a claim, or the separate items of an account ... stated in an orderly form, for the information of a defendant." *Black's Law Dictionary* 1119 (6th ed. 1990). Rule 8 of the Federal Rules of Civil Procedure requires only that the pleadings be of such a nature as to give adequate notice in a simple, concise and direct manner. The Court, having reexamined the Complaint using the standards set forth above, finds that Plaintiff's Complaint is sufficiently clear and detailed to inform Defendant as to the nature of the suit.

■ Finally, Defendant argues that the Complaint was not filed within the sixty

(60) day period following the first date set for the first creditor's meeting as stipulated by Rules 4004(b) and 4007(c) of the Bankruptcy Code. While this contention might be valid had there been no conversion, counsel for Defendant has apparently overlooked the conversion of this filing from Chapter 11 to Chapter 7 under the Bankruptcy Code. For in such a conversion, Rule 1019(2) of the Bankruptcy Code stipulates that,

> "When a chapter 11 ... has been converted ... to a chapter 7 case: *A new time period for filing* claims, *a complaint objecting to discharge,* or a complaint to obtain a determination of dischargeability *of any debt shall commence pursuant to Rules 3002, 4004, or 4007."* (emphasis added)

Fed.R.Bankr.P. 1019(2).

The record reveals that the first set date for the first creditor's meeting of this case after conversion to Chapter 7 was August 19, 1991. The record likewise reveals that Plaintiff's Complaint was filed fifty-four (54) days later on October 15, 1991. Consequently, the Court finds that Plaintiff's Complaint was indeed filed within the sixty (60) day period in accordance with Rules 1019(2), 4004(b) and 4007(c) of the Bankruptcy Code and that Defendant's argument does not warrant dismissal of this case.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, whether or not they are specifically referred to in this opinion.

Accordingly, it is

ORDERED that Defendant's Motion to Dismiss be, and hereby is, DENIED.

It is FURTHER ORDERED that, there appearing to remain an issue as to a material fact regarding allegations of fraud, both Plaintiff's and Defendant's Motions for Summary Judgment be, and hereby are, DENIED.

It is FURTHER ORDERED, therefore, that this matter be, and hereby is, set for final Pre–Trial preparatory to Trial on Tuesday, August 11, 1992 at 10:00, a.m. in Courtroom No. 2, Room 119, United States Courthouse, 1716 Spielbusch Avenue, Toledo Ohio.