In the Matter of Robert HAHN, Debtor.

Theo D. MANN, Trustee, Plaintiff,

v.

Robert HAHN, Defendant.

Bankruptcy No. N89–31904–WHD.
Adv. No. 92–1078N.

United States Bankruptcy Court,
N.D. Georgia,
Newnan Division.

May 16, 1994.

Theo D. Mann, Trustee, Mann & Wooldridge, P.C., Newnan, GA, for plaintiff.

Ike Hudson, Fanning & Hudson, Newnan, GA, for debtor/defendant.

### *ORDER*

W. HOMER DRAKE, Jr., Bankruptcy Judge.

It has come to the Court's attention that the above adversary proceeding has been pending without any substantial activity of record having taken place since December 7, 1992. This proceeding was commenced by the chapter 7 Trustee Theo D. Mann (hereinafter "Trustee") against Robert Hahn (hereinafter "Debtor") as a Complaint Objecting

to Discharge. The matters involved herein constitute a core proceeding over which this Court has jurisdiction. *See* 28 U.S.C. § 157(b)(2)(J). Based upon the following findings of fact and conclusions of law, the Court will dismiss this proceeding.

## FINDINGS OF FACT

The Debtor in this proceeding previously filed a bankruptcy petition under chapter 7 of the Bankruptcy Code on June 15, 1984, and received a discharge several months later, dated November 19, 1984. On November 15, 1989, almost five years after his chapter 7 discharge, the Debtor commenced his current bankruptcy case by filing a petition under chapter 13 of the Bankruptcy Code. After existing in chapter 13 for three years, however, the Debtor requested that his case be converted to a chapter 7, which the Court granted by Order dated September 2, 1992.

Upon the conversion of this case, the Trustee assumed his position as chapter 7 Trustee. Furthermore, a Notice of Commencement of Case was sent to all interested parties at that time. This Notice set the date for the meeting of creditors and informed all parties that the deadline to file a complaint objecting to discharge was November 30, 1992.[1] Complying with the time limits in the Notice, the Trustee commenced this adversary proceeding on November 4, 1992, alleging that the Debtor is not entitled to discharge pursuant to 11 U.S.C. § 727(a)(8),[2] since he had been granted a chapter 7 discharge within six years prior to the filing of his current petition. In response, the Debtor answered the Complaint, generally denying the allegations, and filed a request to reconvert his case to a chapter 13.[3] The Court granted his request, reconverting this case after notice and hearing by Order dated January 28, 1993.

Despite the conversion of the Debtor's case to chapter 13, the Trustee has kept this proceeding pending in his capacity as the chapter 7 Trustee. His argument for doing so is that the issue of discharge will once again become relevant should the Debtor reconvert to a chapter 7. For this reason, the Trustee requests that the Court not dismiss this proceeding.

## CONCLUSIONS OF LAW

### A. STANDING

The first issue the Court must consider is whether a chapter 7 trustee has standing to maintain an adversary proceeding once the underlying bankruptcy case has been converted to chapter 13. The Bankruptcy Code provides that the effect of conversion "terminates the service of any trustee ... that is serving in the case before such conversion." 11 U.S.C. § 348(e). In other words, once conversion occurs, the duties of a chapter 7 trustee cease, and he is deprived of any standing to pursue matters in the chapter 13 case in his capacity as trustee. *In re Wells*, 87 B.R. 732, 737 (Bankr.N.D.Ga.1988) (Cotton, B.J.); *see also In re Kleber*, 81 B.R. 726, 727 (Bankr.N.D.Ga.1987) (Kahn, C.J.) (conversion to chapter 11 deprives chapter 7 trustee of standing to request reconversion); *In re Roberts*, 80 B.R. 565, 567 (Bankr. N.D.Ga.1987) (Cotton, B.J.) (chapter 7 trustee has no standing in fiduciary capacity after case converted). Section 348(e) expresses a clear policy choice of Congress that conversion terminates the service of a trustee serving prior to conversion, and the Court cannot ignore this policy. As Judge Cotton has noted,

> [t]his is a particularly sensible rule in Chapter 13, since there is a standing Chapter 13 trustee in this district and no useful purpose would be served by having two trustees [serving in one case].

1. This deadline for filing complaints objecting to discharge was set in accordance with Fed. R.Bankr.P. 4004(a).

2. This section provides as follows:

   The court shall grant the debtor a discharge, unless—

   ...

   (8) the debtor has been granted a discharge under this section, under section 1141 of this title, or under section 14, 371, or 476 of the Bankruptcy Act, in a case commenced within six years before the date of the filing of the petition ...

   11 U.S.C. § 727(a)(8).

3. In his Motion to reconvert, the Debtor explained that he initially converted the case to chapter 7 upon losing his job. After gaining new employment, he was prepared to proceed once again as a debtor in chapter 13.

*Wells,* 87 B.R. at 737. By eliminating the services of the preconversion chapter 7 trustee, there remains no doubts or confusion about the authority and role of the new chapter 13 trustee.

█ One of the many services the Trustee was to perform in this proceeding, as delineated in § 704 of the Bankruptcy Code, was to oppose the chapter 7 discharge of the Debtor, if advisable. 11 U.S.C. § 704(6). Once the case was converted to chapter 13, however, the Trustee's services were terminated. Section 348(e) operated to strip the Trustee of his § 704 duties. Without the authority to perform these duties, he becomes powerless to act in the Debtor's bankruptcy case. Moreover, the conversion to chapter 13 replaced the Trustee with a chapter 13 trustee. As previously noted, it would serve no useful purpose to have two trustees serving in a single case. The presence of the Trustee in this adversary proceeding infringes upon, and possibly conflicts with, the power and authority of the chapter 13 trustee. Therefore, the Court concludes that the chapter 7 Trustee does not have standing to maintain this adversary proceeding after the Debtor's case was converted to chapter 13. As such, this proceeding must be dismissed.

█ Even assuming the Trustee did have standing to maintain this action objecting to discharge, it would have to be dismissed for other reasons. Specifically, federal courts only have jurisdiction over cases and controversies. *See* U.S. Const. art. III § 2; *Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803). There is no case or controversy in this proceeding for two reasons. First, a federal court ceases to have jurisdiction to decide questions rendered moot by intervening events. *Westmoreland v. Nat'l Transp. Safety Bd.,* 833 F.2d 1461, 1462 (11th Cir.1987). Mootness occurs when the issues involved in a case are no longer "live." *Love v. Turlington,* 733 F.2d 1562, 1565 (11th Cir. 1984) (citing to *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 1950, 23 L.Ed.2d 491 (1969)); *see also Westmoreland,* 833 F.2d at 1462. In the proceeding *sub judice,* the Trustee filed his complaint objecting to the Debtor's chapter 7 discharge while the Debtor was still in chapter 7. By converting his case to a chapter 13, the Debtor has rendered this question moot. *Cf. In re B–K of Kansas, Inc.,* 73 B.R. 95, 97 (Bankr.D.Kan. 1987) (conversion to chapter 7 rendered moot several chapter 11 issues). As the issues involved in the Trustee's complaint are no longer "live," no case or controversy exists before the Court, and this proceeding must be dismissed as moot. *See, e.g., In re Krueger,* 66 B.R. 463, 466 (Bankr.S.D.Fla.1986) (dismissing adversary proceeding after dismissal of underlying bankruptcy case rendered proceeding moot).

The second reason there is no case or controversy in this proceeding is that there is nothing ripe for adjudication. Hypothetically, the Debtor could reconvert his case to a chapter 7. If so, the Trustee would have a factual basis upon which to bring his complaint. Nevertheless, hypothetical problems do not give rise to a case or controversy over which this Court would have jurisdiction. In order for the Court to entertain the Trustee's action, a "substantial controversy which is definite and concrete" must exist. *Hallandale Professional Fire Fighters v. City of Hallandale,* 922 F.2d 756, 760 (11th Cir.1991) (citing to *Babbitt v. United Farm Workers Nat'l Union,* 442 U.S. 289, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979)). The proceeding *sub judice,* however, has no definite and concrete controversy while the Debtor's underlying case is chapter 13. The Debtor will not be able to obtain a chapter 7 discharge in chapter 13. Therefore, this proceeding must be dismissed as it is not ripe for adjudication.

## B. EFFECT OF RECONVERSION

█ While the applicable law dictates that this proceeding must be dismissed, the Court will address the concerns of the Trustee regarding the effect a reconversion to chapter 7 will have on his ability to object to the Debtor's discharge. The time for filing complaints objecting to discharge are governed by the Federal Rules of Bankruptcy Procedure. Specifically, Rule 4004(a) gives a trustee 60 days following the first date set for the meeting of creditors to bring such an action. Special rules apply, however, in situations where a case is converted from one chapter to another. Rule 1019, regarding

conversion of cases, provides in part as follows:

> A new time period for filing ... a complaint objecting to discharge ... shall commence pursuant to Rules 3002, 4004, or 4007, *provided that a new time period shall not commence if a chapter 7 case had been converted to a chapter ... 13 case and thereafter reconverted to a chapter 7 case and the time for filing ... a complaint objecting to discharge ... expired in the original chapter 7 case.*

Fed.R.Bankr.P. 1019(2) (emphasis added). Generally speaking, conversion of a case commences a new 60 day period for a trustee to bring an action objecting to discharge. *See, e.g., Gerad v. Cole (In re Cole),* 144 B.R. 752, 755 (Bankr.N.D.Ohio 1992). This new filing period, however, may not apply when a case is being reconverted to chapter 7.

Rule 1019(2) presents a chapter 7 trustee with a possible dilemma. If a court dismisses his action objecting to discharge when the underlying case is converted to a chapter 13, as the law requires, he may be prohibited from refiling an action when the case is reconverted to chapter 7 if no 60 day filing period begins to run anew. A careful reading of this Rule, however, reveals that it is limited only to situations where the time for filing a complaint objecting to discharge expired in the original chapter 7 case. For example, where a debtor converts his original chapter 7 case to a chapter 13 *before* the end of the 60 day filing period, the time for filing an objection to discharge did not expire in the original proceeding. Therefore, once he reconverts to chapter 7, a new filing period begins to run. *See, e.g., NCNB Texas Nat'l Bank v. Jones (In re Jones),* 966 F.2d 169, 173 (5th Cir.1992) (filing period in original chapter 7 case did not expire within the meaning of Rule 1019 when case converted to chapter 11 within 60 day time limit).

■ Unfortunately, the facts of this proceeding do not squarely fall within the above example. The 60 day filing period in the Debtor's first chapter 7 case was set to expire on November 30, 1992. The Court ordered conversion to chapter 13 on January 28, 1993, almost two months later. At first glance, it would appear that the Trustee is out of luck since conversion occurred after the expiration of the filing deadline. Nevertheless, it is important to point out that the Trustee filed his complaint *before* the 60 day filing period ran out. By bringing his action in a timely manner, the filing period did not expire in the original chapter 7 case for the Trustee within the meaning of Rule 1019(2). Therefore, should the Debtor reconvert, Rule 1019 will provide the Trustee with a new 60 day filing period within which to bring a complaint objecting to discharge.

The Court notes that its interpretation of the expiration language found within Rule 1019(2) does not violate the intent and purpose of this provision. The prohibition against the filing of any new claims and complaints in a reconverted chapter 7 case is intended to apply to those who had a full opportunity to file their claims and complaints in the first case, but failed to do so. *See In re Dipalma,* 94 B.R. 546, 548 (Bankr. N.D.Ill.1988); *In re Gracey,* 79 B.R. 597, 600 (Bankr.E.D.Pa.1987). By filing his complaint in a timely manner, the Trustee does not fall within this prohibited class of creditors.

On the other hand, interpreting Rule 1019(2) to prevent the Trustee from bringing his complaint should the Debtor reconvert to chapter 7 would subvert the intent and purpose of 11 U.S.C. § 727(a)(8). It would create a loophole through which a debtor could easily obtain a chapter 7 discharge within six years of a previous discharge. For example, a debtor could file a chapter 7 petition and wait for the chapter 7 trustee to file a complaint objecting to discharge. After the Rule 4004(a) time period runs, but before a court can enter a judgment on the trustee's complaint,[4] the debtor converts to a chapter 13. At that time, the trustee's complaint would be required to be dismissed for lack of standing in a chapter 13 case. Once this obstacle

---

4. As a practical matter, it is unlikely that a court could enter a judgment prior to the expiration of the filing period. For example, thirty days would likely pass before the debtor files his answer, assuming no Rule 12(b) motions are filed, giving the debtor additional time to respond. After that, three months are provided for the parties to conduct discovery. Therefore, at least four months pass before a court is faced with the opportunity to enter a judgment.

is removed, the debtor could simply reconvert to chapter 7 and obtain a discharge of his debts within six years of a previous discharge. The Court believes that Rule 1019(2) was not intended to be used in such a manner.

It is interesting to note that Rule 1019(2) was promulgated in its current form to be consistent with the holding and reasoning of *F & M Marquette Nat'l Bank v. Richards,* 780 F.2d 24 (8th Cir.1985). Specifically, *Richards* held that a creditor received a fresh 60 day period to file a dischargeability complaint after conversion of the debtor's case from chapter 11 to chapter 7. If the court had adopted the contrary position,

> a [chapter 11] debtor, knowing that creditors have not filed their dischargeability complaints within the sixty day period, could then discharge those debts by converting the case from chapter 11 to chapter 7 after the filing period has expired. Such an interpretation would allow a debtor who may have fraudulently procured a debt to discharge that debt based on an unwarranted construction of a procedural rule.

*Richards,* 780 F.2d at 26. The problem in *Richards* is similar to the one the Court faces in this case. An "unwarranted construction of a procedural rule" would allow a debtor to easily obtain a discharge of his debts, despite the prohibition found in 11 U.S.C. § 727(a)(8), simply by converting and reconverting his case at the appropriate times. The Court is confident that the Advisory Committee did not intend such a result when it promulgated Rule 1019(2).

Therefore, the Court concludes that the Trustee has reserved his right to bring a complaint objecting to discharge should the Debtor reconvert his case to chapter 7. Should the Trustee himself not be reappointed to this position, the person serving in the capacity of chapter 7 trustee in the Debtor's reconverted case would have the right to bring such a complaint.

### CONCLUSION

In conclusion, the Court finds that the chapter 7 Trustee does not have standing to maintain his Complaint Objecting to Discharge in the Debtor's chapter 13 case. Should the Debtor reconvert his case to chapter 7, the Trustee will be allowed to bring another complaint. Accordingly, the Trustee's Complaint Objecting to Discharge is hereby **DISMISSED.**

**IT IS SO ORDERED.**