**In re Jay M. ANDERSON, Debtor.**

**Jay M. Anderson, Plaintiff,**

v.

**Internal Revenue Service, Defendant.**

Bankruptcy No. 7–86–01281.
Adversary No. 7–97–00211.

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

Nov. 4, 1998.

---

Jay Anderson, Roanoke, VA, pro se.

Melissa Holton, Trial Attorney, Civil Trial Tax Division, Washington, DC, for the Internal Revenue Service.

**1.** Although the pleadings are not clear as to Plaintiff's precise role in operating WAA while a corporation, Plaintiff admits liability for the 941 withholding tax liabilities incurred by WAA while operating as both a corporate entity and as a sole proprietorship. See generally, Plaintiff's Exhibits 4 and 4a, and Plaintiff's Reply to the IRS' Motion for Summary Judgment.

## DECISION AND ORDER

ROSS W. KRUMM, Chief Judge.

The matter before the court is a motion for summary judgment filed by the Internal Revenue Service (herein IRS) pursuant to Fed.R.Bankr.P. 7056 and Fed.R.Civ.P. 56. The court took the matter under advisement after argument from both parties during a telephonic hearing. The motion is ripe for decision. In deciding the IRS' motion for summary judgment, the court has considered the Plaintiff's complaint, the IRS' answer, the memoranda and exhibits of both parties, and the parties' argument. For the reasons stated in this Decision and Order, the IRS' motion for summary judgment will be granted.

### Background and Facts

Plaintiff operated Williams Auto Alignment, Inc. (herein WAA), a Virginia corporation incorporated on February 1, 1984 and dissolved by operation of law on September 1, 1985.[1] Upon WAA's dissolution, Plaintiff assumed all of the corporation's assets and liabilities and continued to operate the business as a sole proprietorship until November 1985. At various times while Plaintiff operated WAA as a corporation and later as a sole proprietorship, Plaintiff failed to remit some or all of the 941 withholding taxes due to the IRS.

On August 19, 1986, Plaintiff filed a petition for relief under chapter 13 as "Jay M. Anderson f/d/b/a Williams Auto Alignment". Plaintiff's schedules listed debts owed to the IRS for personal income taxes and for 941 withholding taxes. The IRS subsequently filed a timely proof of claim for the personal income taxes and for a 100% penalty on the trust-fund portion of the 941 withholding taxes.[2] The IRS however, did not file a proof of

**2.** The IRS' initial proof of claim, filed November 18, 1986 estimated a portion of both the personal income taxes and the 100% penalty on the trust-fund portion of the 941 taxes. The IRS subsequently filed an amended proof of claim on September 12, 1988 claiming a sum certain for both the personal income taxes and the 100% penalty on the trust-fund portion of the 941 taxes.

claim for the 941 withholding taxes. Plaintiff's chapter 13 plan, confirmed without objection on December 1, 1986, proposed to satisfy the Plaintiff's liability for the 941 withholding taxes and the personal income taxes upon the filing of a proper proof of claim by the IRS. On February 3, 1992, before completing his plan, Plaintiff was granted a hardship discharge under § 1328(b) and his case was closed.

On May 9, 1997, Plaintiff filed a motion to reopen his case after the IRS levied his bank account for nonpayment of the 941 withholding taxes arising from the Plaintiff's operation of WAA prior to his 1986 bankruptcy filing. After the motion was granted on July 1, 1997, Plaintiff filed this adversary proceeding asking the court to find that all of Plaintiff's tax liabilities arising prior to August 8, 1986 [3], were either paid through Plaintiff's chapter 13 plan or discharged through Plaintiff's subsequent hardship discharge in 1992. The complaint also seeks to enjoin the IRS from further assessment, seizure or levy upon his property for collection of taxes which have been paid or discharged, and requests that compensatory and punitive damages be awarded.

After a hearing and by agreement of the parties, an order was entered on November 21, 1997, enjoining the IRS from taking any collection activities against the Plaintiff pending further order from the court. The IRS subsequently filed the motion for summary judgment presently being considered by the court.

### Discussion and Law

Fed.R.Civ.P. 56, which is made applicable to this proceeding by Fed.R.Bankr.P. 7056 and 9014, governs in determining whether to grant summary judgment to a moving party. Rule 56 provides that a motion for summary judgment shall be granted if two requirements are met. First, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c).

Second, the moving party must be "entitled to a judgment as a matter of law." *Id.*

■ No genuine issue of material fact exists between the parties and the parties present a single issue for determination. The Plaintiff argues that his 1992 hardship discharge under Section 1328(b) completely discharged his liability for the 941 withholding taxes which he had scheduled on his bankruptcy petition. The IRS argues that a discharge under Section 1328(b) does not discharge the Plaintiff's liability for 941 withholding taxes.

■ To determine if the Plaintiff's liability for the 941 withholding taxes was discharged through § 1328(b), the court should look first to the language of the applicable statutes. If the language of a statute is unambiguous and there is no clear Congressional intent to the contrary, the language is conclusive. *In re JKJ Chevrolet, Inc.*, 26 F.3d 481, 483 (4th Cir.1994). The court's inquiry ends if the statutory language is unambiguous and "the statutory scheme is coherent and consistent." *United States v. Murphy*, 35 F.3d 143, 145 (4th Cir.1994), cert. denied, 513 U.S. 1135, 115 S.Ct. 954, 130 L.Ed.2d 897 (1995) (*quoting United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 240–41, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989)).

The Plaintiff was granted a hardship discharge in 1992 under 11 U.S.C. § 1328(b). Subsection (c) of § 1328 limits the effect of a discharge received under § 1328(b). As it did in 1992 when Debtor received his hardship discharge, § 1328(c) currently provides:

A discharge granted under subsection (b) of this section discharges the debtor from all unsecured debts provided for by the plan or disallowed under section 502 of this title, *except* any debt—

. . .

(2) *of a kind specified in section 523(a) of this title.*

11 U.S.C. § 1328(c) (emphasis added).

11 U.S.C. § 523(a) provides in relevant part:

---

**3.** Plaintiff signed his petition for bankruptcy on August 18, 1986 and filed it on August 19. Based on representations made in his pleadings, Plaintiff appears to mistakenly believe he filed his petition on August 8, 1986.

(a) a discharge under section... 1328(b) of this title does not discharge an individual from any debt—

    (1) for a tax or customs duty—

      (A) of the kind...specified in section...507(a)(8)[4] of this title, *whether or not a claim for such tax was filed or allowed;*

11 U.S.C. § 523(a) (emphasis added).

Section 507(a)(8)(C) covers "tax[es] required to be collected or withheld and for which the debtor is liable in whatever capacity". 11 U.S.C. § 507(a)(8)(C). More specifically, the Congressional Record Statements (Reform Act of 1978) provide that § 507(a)(8)(C) is intended to cover trust-fund taxes, the employees' share of social security taxes, and the liability of a responsible person for taxes which that person was required to withhold from wages and pay to the Treasury. See, 124 Cong. Rec. H11112–13 (daily ed. Sept. 28, 1978); S17429–30 (daily ed. Oct. 6, 1978); (remarks of Rep. Edwards and Sen. DeConcini) as reported in *Norton Bankruptcy Rules Pamphlet* 1997–1998 Edition, p. 457.

Plaintiff previously acknowledged his liability for the unpaid 941 withholding taxes incurred while operating WAA as a corporation and later as a sole proprietorship by scheduling the debts on his 1986 bankruptcy petition and by providing for payment of such debts in his chapter 13 plan. In addition, Plaintiff also admitted in his pleadings that he was liable for such taxes. See generally, Plaintiff's Exhibits 4 and 4a, and Plaintiff's Reply to the IRS' Motion for Summary Judgment.

However, while Plaintiff acknowledges that he was liable for the 941 withholding taxes, he argues that his liability was extinguished by virtue of the IRS' failure to file a proof of claim for the taxes in his previous bankruptcy combined with his subsequent discharge. In support of his position, Plaintiff relies primarily on *In re Osborne* for authority that a priority tax claim not timely filed is disallowed and dischargeable in bankruptcy. *In re Osborne*, 159 B.R. 570, (Bankr.C.D.Cal. 1993), *affirmed by* 167 B.R. 698 (9th Cir. BAP 1994), *affirmed by* 76 F.3d 306 (9th Cir.1996). Plaintiff also relies on *In re Tomlan*, in which the court held that an IRS proof of claim for priority taxes filed after the bar date was disallowed as untimely and therefore was dischargeable upon the debtor's completion of performance under the plan. *In re Tomlan*, 102 B.R. 790 (E.D.Wash.1989), *affirmed by* 907 F.2d 114 (9th Cir.1990) (emphasis added).

■ The cases upon which Plaintiff relies are not applicable to a decision in the case at bar because they were decided under § 1328(a) which discharges a broader range of debt than does § 1328(b). Section 1328(c)(2) limits the scope of the Plaintiff's discharge and specifically captures the indebtedness which IRS seeks to collect in this case.

### Conclusion

The clear and unambiguous language of § 507(a)(8)(C) made applicable to a discharge received under § 1328(b) through § 523(a), denies discharge of the Plaintiff's liability for 941 withholding taxes in this case. Accordingly, it is

### ORDERED:

That the IRS' Motion for Summary Judgment be GRANTED. It is

### FURTHER ORDERED:

That nothing further being required this matter be stricken from the court's docket for November 9, 1998, in Roanoke, Virginia.

---

**4.** Section 507 was amended by § 304(c) of the Bankruptcy Reform Act of 1994, Pub.L. 103–394 (Oct. 22, 1994) which added current subsection (a)(7). In 1992, when Plaintiff received his hardship discharge, § 523(a)(1)(A) referenced then subsection § 507(a)(7) which was renumbered as § 507(a)(8) as a result of the 1994 addition of new § 507(a)(7).