In re Alva Carl COLLINS and Judy Darlene Collins, Debtors.

Bankruptcy No. 96–42272.

United States Bankruptcy Court, N.D. Ohio.

May 20, 1997.

Robert A. Ciotola, Youngstown, OH, for debtors.

Michael A. Gallo, Youngstown, OH.

Andrew W. Suhar, Youngstown, OH, Chapter 7 trustee.

Donald M. Robiner, Cleveland, OH, U.S. Trustee.

## ORDER

WILLIAM T. BODOH, Bankruptcy Judge.

This cause is before the Court on the application of Andrew W. Suhar, Esq. pursuant to 11 U.S.C. § 330 for approval of fees and expenses incurred in his dual capacity as trustee and attorney for the trustee in the above-captioned proceeding. Mr. Suhar specifically seeks reimbursement for expenses incurred as trustee in the amount of $143.23 for a necessary cash advance. He further seeks approval of professional fees in the amount of $112.50 for services performed as attorney for the trustee in connection with the preparation of an adversary complaint. In total, the application seeks approval of $255.73.

The within proceeding was commenced by Debtors filing a petition for relief under Chapter 7 of Title 11, United States Code, on October 10, 1996. Mr. Suhar was subsequently appointed trustee. On January 24, 1997, upon motion by Mr. Suhar as trustee, this Court authorized Mr. Suhar to employ himself as attorney for the trustee. Shortly thereafter, on January 30, 1997, Mr. Suhar filed with the Clerk a complaint against Debtors to recover on a claimed fraudulent conveyance. On February 7, 1997, through their counsel Robert A. Ciotola, Esq., Debtors filed a notice of conversion to Chapter 13 pursuant to 11 U.S.C. § 1307 and FED. R. BANKR.P. 9014. Mr. Suhar's fee application followed.

Pursuant to 11 U.S.C. § 330(a)(1), a bankruptcy court may award to a trustee or professional person employed under § 327 "reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney" and "reimbursement for actual, necessary expenses." However, granting such an award

in the instant case is made difficult by the fact that the fees and expenses being sought by Mr. Suhar relate back to services he rendered during the preceding Chapter 7 case, now converted to a Chapter 13 case. Thus, the complication arises as the Bankruptcy Code fails to outline an administrative procedure which incorporates or provides for payment of *postpetition preconversion* Chapter 7 administrative claims through a Chapter 13 estate. This procedural peculiarity is a matter not before addressed by this Court.

■ Case law governing the treatment of administrative priority claims provides that where a case has been fully administered under one chapter but, due to conversion, continues to be administered under another chapter, the payment of any claim related to the administration of the previous case, such as attorney or trustee fees and expenses, are to be classified as "postpetition preconversion administrative claims" to be governed by § 348 of the Bankruptcy Code. 3 COLLIER ON BANKRUPTCY ¶ 348.05 (Lawrence P. King, ed., 15th ed.1996). Section 348(e) provides that "[c]onversion of a case under section 706, 1112, 1208, or 1307 of this title terminates the service of any trustee or examiner that is serving in the case before such conversion." Accordingly, the former Chapter 7 trustee loses standing as a fiduciary. *In re Wells,* 87 B.R. 732, 736–37 (Bankr.N.D.Ga. 1988). "To the extent unpaid compensable services have been rendered and expenses incurred in the Chapter 7 case, the Chapter 7 trustee or his counsel become claimants of the debtor's Chapter 13 estate." *Id.* at 737.

In addition to the treatment of converted case afforded by § 348, trustee compensation is statutorily regulated by § 326 of the Code. This section makes it clear that no statutory claim for final compensation is generally available to a Chapter 7 trustee where the trustee has not disbursed or turned over any funds of the Chapter 7 estate. That is not the case before us, as the application is for professional fees and expenses. Some courts have awarded compensation and reimbursement to Chapter 7 trustees under § 326 on the theory of *quantum meruit*—believing that such trustees are entitled to be paid for services rendered if such services were nec-essary to the investigation and liquidation of assets of the estate. *In re Roberts,* 80 B.R. 565, 566–68 (Bankr.N.D.Ga.1987). Allowing Chapter 7 trustees fee and expense awards in cases converted to Chapter 13 further prevents unfair treatment of Chapter 7 trustees where the conversion to Chapter 13 was for the purpose of avoiding "the consequences of a trustee's action in locating, identifying and administering assets" of the estate. *In re Wells,* 87 B.R. 732, 737 at n. 3 (Bankr.N.D.Ga.1988). *See also In re Woodworth,* 70 B.R. 361 (Bankr.N.D.N.Y.1987); *In re Parameswaran,* 64 B.R. 341 (Bankr. S.D.N.Y.1986); *In re Smith,* 51 B.R. 273 (Bankr.D.C.1984); *In re Pray,* 37 B.R. 27 (Bankr.M.D.Fla.1983); *In re Rennison,* 13 B.R. 951 (Bankr.W.D.Ky.1981).

The allowance of trustee/attorney compensation further depends upon the administrative requirements of the chapter to which the case has been converted. *See* 3 COLLIER ON BANKRUPTCY ¶ 348.06 (Lawrence P. King, ed., 15th ed. Rev.1996). Thus, in the instant case, Mr. Suhar's request is subject to the provisions of 11 U.S.C. § 1322 which governs the priority of claims to be paid through a Chapter 13 plan of reorganization. With respect to administrative claims, § 1322(a)(2) provides for "full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim." Section 507(a)(1) specifically provides for distribution as a priority claim those claims for administrative expenses that are allowed under § 503(b) of Title 11. In turn, § 503(b)(2) states that there shall be allowed administrative expenses, including "compensation and reimbursement awarded under § 330(a) of this title." Applying these provisions to the case before us, Mr. Suhar is entitled to compensation pursuant to § 330 of the Code, to the extent his services were reasonable and necessary and provided some benefit to the estate. However, any award he receives must nevertheless be classified as a *postpetition preconversion administrative claim* and be governed and disbursed from the Chapter 13 estate in accordance with 11 U.S.C. §§ 503(b) and 507(a).

Having identified the nature of Mr. Suhar's administrative claim, a question remains as to what priority this Chapter 7 claim receives when considered with other administrative priority claims further resulting from the administration of the Chapter 13 case. Although 11 U.S.C. § 726(b) of the Code, which governs distribution of property *from a Chapter 7 estate,* provides insight into the treatment of postpetition preconversion claims where *other chapters* are converted into Chapter 7 cases, there is no similar provision in the Code to govern trustee compensation where there is an upstream conversion from a case under Chapter 7 to one under Chapter 13 (such upstream conversions are commonly referred to as "Chapter 20" cases). Accordingly, the Court is left to exercise reasonable discretion in this regard. In doing so, we find it helpful to consider the views of commentators and the underlying policy considerations for the enactment of § 726(b).

Specifically, § 726(b) of the Code provides for the treatment of postpetition preconversion claims where a case has been converted from a reorganization chapter to a case under Chapter 7 as follows:

> Payment on claims of a kind specified in paragraph (1), (2), (3), (4), (5), (6), (7), or (8) of section 507(a) of this title, or in paragraph (2), (3), (4), or (5) of subsection (a) of this section, shall be made pro rata among claims of the kind specified in each such particular paragraph, except that in a case that has been converted to this chapter under section [1009], 1112, 1208, or 1307 of this title, a claim allowed under section 503(b) of this title incurred under this chapter *after such conversion* has priority over a claim allowed under section 503(b) of this title incurred under any other chapter of this title or under this chapter *before such conversion* and over any expenses of a custodian superseded under section 543 of this title.

In short, § 726 effectively classifies any § 503(a) administrative claim arising postpetition yet *before* conversion as subordinate to any like § 503(a) administrative claim which arises postpetition and *after* conversion. Applying this rationale to the case at hand requires that Mr. Suhar's claim be allowed as a secondary § 507 administrative claim to be incorporated into the Chapter 13 plan and paid in full through pro rated disbursements. This arrangement accommodates all applicable provisions of the Code, including §§ 330, 348, 503(a), 507(b), and 1322.

Mr. Suhar's services as trustee and attorney for the trustee were rendered in accordance with efforts to investigate and pursue assets of the Chapter 7 estate. He incurred reasonable and necessary expenses in the amount of $143.23 for payment of a cash advance to cover costs associated with researching the title of real property within the Debtors' estate and he incurred attorney fees in the amount of $112.50 for the preparation of an adversary complaint that now remains available to the Chapter 13 trustee. The application for fees and expenses as submitted in the amount of $255.73 is hereby approved. Consistent with the provisions outlined herein, proper payment of the award shall rest with the office of the Chapter 13 trustee which shall incorporate and disburse the award as a secondary § 507 administrative priority claim.

**IT IS SO ORDERED.**