**In re Anthony WASHINGTON, and Gwendolyn Elaine Washington, Debtors.**

**Bankruptcy No. 98–16779–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida, Miami Division.

Jan. 4, 1999.

Timothy S. Kincade, Miami, FL, for Debtor.

Nancy N. Herkert, Hialeah, FL, Trustee.

## ORDER ALLOWING COMPENSATION AND ADMINISTRATIVE EXPENSE TO CHAPTER 7 TRUSTEE AND BAKST, CLOYD & BAKST, P.A. PURSUANT TO COURT ORDER CONVERTING CASE TO A CHAPTER 13

A. JAY CRISTOL, Chief Judge.

**THIS CAUSE** came before the Court in Miami, Florida, for hearing on December 2, 1998. The Court heard the proffers, representations and argument of counsel. The record reflects this case was originally filed as a voluntary Chapter 7 proceeding on July 27, 1998. **Deborah C. Menotte** was appointed as the Chapter 7 Trustee, and the law firm of **Bakst, Cloyd &** **Bakst, P.A.** (the Trustee and her attorneys shall collectively be referred to as "Movants") was authorized to represent her pursuant to 11 U.S.C. §§ 327 and 330. On October 14, 1998, this case was converted to a proceeding under Chapter 13 of the Code pursuant to the Debtors' Motion to Convert Case. Paragraph 4 of the Court's Order Converting Case Under Chapter 7 to Case Under Chapter 13 provides for the Chapter 7 Trustee or any other party entitled to compensation for services rendered in a Chapter 7 case to file an application for compensation and reimbursement of expenses within thirty (30) days of the Court's Order.

The Chapter 7 Trustee served her application for allowance of compensation and administrative expenses on November 5, 1998, seeking the sum of $1,060.00 as compensation as Trustee plus costs of $72.49. **Bakst, Cloyd & Bakst, P.A.** served and filed their application for compensation wherein they seek fees in the amount of $3,972.01 for fees incurred prior to the date of conversion, plus fees in the amount of $1,650.50 for fees incurred after the date of conversion. They have also sought costs in the amount of $172.51 for total fees and costs requested of $5,622.51. The Trustee has sought compensation at the rate of $100.00 per hour, while **Bakst, Cloyd & Bakst, P.A.** have sought compensation at the rate of $250.00 per hour as attorneys.

Both of the Movants assert that they are entitled to fees for services in this case and costs incurred as their fiduciary duties required them to investigate the business and financial affairs of the Debtors. The Trustee believed that personal inspection of the Debtors' assets was especially appropriate in that the Debtors disclosed that they owned two parcels of real property, one being their claimed homestead property and the other being a claimed rental property. The Trustee asserts she personally investigated these properties and discovered that the Debtors were not residing in the claimed homestead proper-

ty, but instead, the property was inhabited by some proposed purchasers of the home. The Trustee also discovered the Debtors were residing in the claimed rental property, and, while she was there, discovered various undisclosed assets. It is the Trustee's position that **Anthony Washington** would not allow her to remain on the property to take pictures of the various undisclosed assets and required her to leave. It was at this time that the Chapter 7 Trustee sought retention of **Bakst, Cloyd & Bakst, P.A.** to investigate this matter.

**Bakst, Cloyd & Bakst, P.A.** proceeded to schedule a Rule 2004 examination duces tecum of the Debtors and began to investigate the various assets of the Debtors. They obtained a copy of the proposed sale contract in which it is disclosed that the Debtors were attempting to sell a large screen television, a riding lawn mower, two chandeliers, and several appliances, none of which were listed or otherwise disclosed on the Debtors' Schedules or Statement of Financial Affairs.

The Debtors failed to appear at their Rule 2004 examination on October 8, 1998 and the Trustee moved to compel the Debtors to appear and for sanctions. A partial agreed order was entered in regard to that motion, requiring the Debtors to appear for their deposition, but the remainder of the motion is still under advisement before a visiting judge. The Debtors did appear for their Rule 2004 examination on November 13, 1998.

The Movants attribute the amount of time and expense incurred in this case to the extreme difficulties they claimed to have encountered by the Debtors' efforts to thwart the ability of the Chapter 7 Trustee to perform her job. The Movants also assert that post conversion fees and costs are appropriate because the services performed and expenses incurred were to protect the interests of creditors based upon pre-conversion proceedings of the Trustee which had been delayed by the conversion to a Chapter 13, that needed to be completed nonetheless.

**Robert Angueira, Esq.,** of the U.S. Trustee's office (the "AUST") appeared at the hearing in support of the Movants' motions. The AUST supports an award of fees and costs on the grounds of quantum meruit. The AUST's position is that it is the Debtors' fault the fees and costs were incurred based upon their failure to cooperate with the Chapter 7 Trustee and their subsequent belief that conversion to a Chapter 13 would alleviate any responsibility for their actions during the Chapter 7 case.

The Movants rely on the case of *In re Collins*, 210 B.R. 538 (Bankr.N.D.Ohio 1997) to support their request. The bankruptcy court in *Collins* addressed a similar issue of trustee fees and attorney fees being sought by the Chapter 7 trustee and counsel after a case had been converted to a Chapter 13. The court, citing to other cases which have awarded compensation and reimbursement on the theory of quantum meruit, agreed that such an award is necessary to prevent the unfair treatment of Chapter 7 trustees when the conversion to Chapter 13 is for the purpose of avoiding the consequences of a trustee's investigation of a case. *Collins*, 210 B.R. at 540.

The court in *Collins* found that the trustee's fees and attorney fees were reasonable and necessary as they provided some benefit to the estate. In turn, such amounts were awarded. This Court agrees with the court in *Collins* that, even upon a conversion to Chapter 13, Chapter 7 trustees and their attorneys should be entitled to compensation for services rendered which benefit the bankruptcy estate, if those services are reasonable and necessary. The Court finds that the Chapter 7 Trustee and her counsel have expended time on this case which has benefitted the bankruptcy estate. Additionally, because time and expenses were incurred after conversion based upon pre-conversion proceedings brought by the Movants, the

post-conversion time and expense is appropriately awarded as well.

The Debtors have opposed the fee applications of the Movants, contending the amount of fees sought by the trustee and the trustee's counsel are not legally or factually warranted. The Debtors claim they did not fail to cooperate with the Trustee. Mr. Washington, one of the joint debtors, asserts the Trustee was let into the Debtors' home by one of their children while Mr. Washington was asleep in his bed. He was awakened by the Trustee's activity and inquired as to her identity. Mr. Washington does not dispute the Trustee identified herself and disclosed her purpose for being on the premises. Notwithstanding, he admits the two had a heated exchange which resulted in the Trustee concluding the Debtors were refusing to cooperate. Although Mr. Washington does not agree with the Trustee's conclusion that he was uncooperative, this Court does. The Court does not require the Trustee to place herself in a hostile situation with any debtor just so that she may perform her duties. It is the Debtors' obligation to assist the Trustee during the administration of the case, and from the Debtors' proffers, it is clear no such assistance was provided.

The Debtors further argue the Trustee is not entitled to fees because no statute authorizes the payment of fees where the Trustee makes no disbursements in a case. This Court does not agree. The fee limitation set forth in 11 U.S.C. § 326 should not preclude the Trustee in this case from receiving compensation on a quantum meruit basis. Courts have reasoned that 11 U.S.C. § 326 applies to fully administered cases; but, in cases which are. not fully administered, through no fault of the Trustee, compensation should still be awarded the Trustee who performs substantial services, but does not disburse any money. *See In re Stabler*, 75 B.R. 135 (Bankr.M.D.Fla.1987); *In re Pray*, 37 B.R. 27 (Bankr.M.D.Fla. 1983). "Allowing Chapter 7 trustees fee and expense awards in cases converted to Chapter 13 further prevents unfair treatment of Chapter 7 trustees where the conversion to Chapter 13 was for the purpose of avoiding 'the consequences of a trustee's action in locating, identifying and administering assets' of the estate." *Collins*, 210 B.R. at 540, citing *In re Wells*, 87 B.R. 732, 737 n. 3 (Bankr.N.D.Ga.1988) (additional citations omitted).

Lastly, the Debtors contend the fees of **Bakst, Cloyd & Bakst, P.A.** are unjustified and unreasonable. The Debtors' position is that neither the post-conversion fees nor the pre-conversion fees are compensable. The Debtors argue the post-conversion fees were incurred when the Trustee had no further obligation to the estate. Therefore, the Debtors argue the services were not necessary and the fees for the services are not compensable. Additionally, the Debtors assert the pre-conversion fees, although seemingly authorized by *Collins*, are objectionable. The Debtors claim Attorney Bakst's fees include 2.5 hours of travel time to Miami from West Palm Beach which is not compensable under the Court's local rules. Moreover, the Debtors claim Attorney Bakst's time spent on research (3 hours) is unreasonable because Attorney Bakst is supposed to be a seasoned practitioner who does not need to research basic bankruptcy issues.

Although the Court is not empowered to award fees for travel time, the Court notes that Attorney Bakst incurred 2.5 hours in fees for "preparation of, travel to and from, and [to] appear at Rule 2004 of debtors (who failed to appear)." It is therefore obvious that the 2.5 hours of which the Debtors complain was not solely spent traveling and the Court will allow for some reasonable compensation for the attorney's services. The Court is also not persuaded that the fees incurred for research were unnecessary or unreasonable. Research is essential to the legal practitioner. It is a common and necessary tool for lawyers and judges alike. In fact, it is

prudent for an attorney to research any subject in which he/she is not intimately familiar. The bankruptcy practitioner often encounters various areas of the law which he/she does not necessarily encounter on a daily basis. One lawyer cannot be expected to know each and every nuance of these ever-changing areas of law. Attorney Bakst's application details the research performed and the specific area of law in which the research was performed. Attorney Bakst did not excessively research this case; rather, the research he performed was necessary and the time billed for such research is reasonable. Finally, the Court finds that the services performed after the date of conversion are so inextricably intertwined with the services performed prior to the conversion, that an award of fees for such services are reasonable. The services provided by Attorney Bakst, both pre- and post-conversion, indeed benefitted the creditors of this estate. Debtors would have been discharged without having paid their creditors a dime if the Trustee had not discovered the Debtors' undisclosed assets and Attorney Bakst did not pursue them. Instead, the Debtors were forced to convert to Chapter 13, and provide some payment to their creditors, in order to keep the assets they failed to disclose.

Based upon the foregoing, it is

**ORDERED AND ADJUDGED** as follows:

1. **Deborah C. Menotte as Chapter 7 Trustee** is awarded compensation for services performed in the amount of $1,000.00, plus costs in the amount of $72.49, the total amount of which shall be allowed as an administrative claim.

2. The law firm of **Bakst, Cloyd & Bakst, P.A.** is awarded compensation for legal services rendered in the amount of $4,500.00, plus costs in the amount of $172.50, the total amount of which shall be allowed as an administrative claim.

In allowing the foregoing fees and expenses, this Court has considered the criteria specified in 11 U.S.C. §§ 326 and 330 and the requirements of FRBP 2016 in light of the principles stated in *In re Beverly Mfg. Corp.*, 841 F.2d 365 (11th Cir. 1988) and *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir.) cert. denied 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977).